## J. G. McGANNON v. HENRY STRAIGHTLEGE.

DEED *by Indian, Approved;* *Grantee's Title, not Barred.* Under the treaty between the United States and the confederated tribes of Kaskaskias, Peorias, Piankeshaws and Weas, of May 30, 1854, (10 U. S. Stat. at Large, 1082,) an Indian was allotted a certain piece of land, and before the patent was issued he executed a deed therefor to the defendant's grantor. Such deed has never been approved by the secretary of the interior. The defendant and his grantor have been in the quiet and peaceable possession of the land ever since, and for more than fifteen years prior to the commencement of this action. After the patent was issued to said Indian, and after his death, and on June 23, 1882, his sole surviving heir executed a deed of conveyance for the land to the plaintiff, and on October 10, 1882, such deed was approved by the secretary of the interior, and on April 25, 1883, the plaintiff commenced this action against the defendant to recover the land. *Held,* That neither this action nor the plaintiff's title to the land is barred by any statute of limitations.

### *Error from Miami District Court.*

EJECTMENT, brought by *McGannon* against *Straightlege.* Trial at the February Term, 1884, and judgment for defendant. The plaintiff brings the case to this court. The facts are stated in the opinion.

*Brayman & Sheldon,* for plaintiff in error.
*Thos. M. Carroll,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by J. G. McGannon against Henry Straightlege, to recover a certain piece of land situated in Miami county. The principal question involved in the case is, whether the plaintiff's title was barred by any statute of limitations, or not, when this action was commenced. The court below held, and in substance instructed the jury, that it was barred by a three-years, a ten-years and a fifteen-years statute of limitations. It appears that the land in controversy was originally a part of an Indian reservation, occupied by the confederated tribes of Kaskaskias, Peorias, Piankeshaws, and Weas. Un-

der the treaty of May 30, 1854, (10 U. S. Stat. at Large,
1082,) this land was allotted to an Indian named Pa-kan-giah.
On December 8, 1857, Pa-kan-giah executed a deed of con-
veyance for the land to Baptiste Peoria, another Indian, and
the defendant, who is a white man, holds title by a regular
chain of conveyances from Baptiste Peoria down to himself,
and he and his grantors have been in the quiet and peaceable
possession of the property ever since, and for more than fifteen
years prior to the commencement of this action.   The deed to
Baptiste Peoria has never been approved by the secretary of
the interior.   On November 4, 1859, a patent for the land
was issued by the United States to Pa-kan-giah.   Afterward,
Pa-kan-giah died, and on June 23, 1882, Nah-me-co-se-quah,
who, as the evidence tends to show, was his widow and sole
surviving heir, executed a deed of conveyance for the land to
J. G. McGannon, the plaintiff in this action.   This deed was
approved by the secretary of the interior on October 10, 1882,
and this action was commenced on April 25, 1883.   Both the
plaintiff and the defendant in this action are white men, and
both, as heretofore stated, claim title under the same person,
to wit, the Indian Pa-kan-giah.   It is admitted that the title
held by Pa-kan-giah was simply an Indian title, and that the
deed executed by him to Baptiste Peoria was utterly null and
void.   It was void for the reason that it was executed without
authority, and in violation of the terms of said treaty, and
Pa-kan-giah had at the time nothing but a naked allotment
of the land to convey.   Afterward, a patent was issued to
him for the land, but still the land continued to be Indian
land, and the title an Indian title, up to the time when it was
conveyed by the heir of Pa-kan-giah to the plaintiff in this
action. (*The Kansas Indians*, 72 U. S. 737; *Stevens v. Smith*,
77 id. 321; same case, 2 Kas. 243; *Brown v. Belmarde*, 3 id.
41; *Clark v. Akers*, 16 id. 166; *United States, ex rel., v. Shanks*,
15 Minn. 369.)   The title being an Indian title — or, in other
words, the title being vested in the United States and an In-
dian — no statute of limitations could operate against such
title. (*Gibson v. Chouteau*, 80 U. S. 92, 99; same case, 39 Mo.

537, 586, 587; *Lindsey v. Miller*, 31 U. S. 666; *Thompson v. Prince*, 67 Ill. 281.) And further, as to the power of the United States to regulate the mode of conveyance of lands belonging to the United States, or to Indians, or to both, free from and independent of state statutes, see: *Irvine v. Marshall*, 61 U. S. 558; *Bagnell v. Broderick*, 38 U. S. 436; *Maynes v. Veale*, 20 Kas. 374.)

We do not think that either the plaintiff's title to the land in dispute, or his right to maintain this action, is barred by any statute of limitations. No statute of limitations commenced to run against his title until his deed was approved by the secretary of the interior, which was less than three years, and indeed less than one year, before the commencement of this action.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.