*In the matter of the Petition of* BESSIE MAY BUSH, *an Infant, for a Writ of Habeas Corpus.*

1. INFANT—*Adoption*—*Res Judicata.*  An order of the probate court permitting the adoption of an infant child is conclusive so far as that court is concerned.  Such court has no further jurisdiction in the matter.

2. ———— *Evidence*—*Custody of Child.*  The evidence in this case examined, and *held* not to justify this court in depriving the respondents of the custody of the child sought to be taken from them.

*Original Proceeding in Habeas Corpus.*

THE facts are sufficiently stated in the opinion herein, filed November 7, 1891.

*M. E. Matthews,* for petitioner.

*J. F. Gurnsey,* and *W. C. Webb,* for respondents.

Opinion by STRANG, C.: September 19, 1887, there was born to Ida May Potter, a single woman of 17 years of age, a female child, afterward named Bessie May Potter.

The said Ida May Potter, being unable to properly support and care for her said child, and being anxious to procure a home for her, went, on the 28th day of August, 1888, before the probate judge of the county of Stafford, where she resided, and relinquished all her claim to said child to Calvin and Anna McClure, husband and wife, who at the same time appeared before said probate court and expressed a desire to adopt said child as their own. The probate court, after investigating the fitness of said persons, Calvin and Anna McClure, to take the care and custody of said infant, and to assume the relation of parents thereto, made an order permitting and confirming the adoption of said infant by said Calvin and Anna McClure, which said order shows that the court, and all the parties to the adoption of Bessie May Potter by Anna and Calvin McClure, complied with all the provisions of the statute relating to the adoption of minor children; after which the infant was taken by the McClures to their home, and from that time until the present has been cared for and supported as their own. On the 17th day of June, 1891, said Calvin and Anna McClure were cited to appear before the probate court of Stafford county, before which a hearing was then had, and a decision rendered by said court setting aside the order under which Bessie May Potter was adopted by Calvin and Anna McClure, because the mother of said child, Ida May Potter, who in the meantime had intermarried with a man named Bush, was not 18 years of age when she appeared before the probate court on the 28th day of August, 1888, and assented to the adoption of said infant by the McClures. The probate court also found that the mother of said child should pay the McClures some $300 in money for the care and support of said child, and made such finding a part of its judgment, and required said sum to be paid before its judgment should take effect. The petitioner, not wishing to pay the $300, and the respondents not wishing to accept the $300 and surrender the child, then abandoned the probate court as a forum through which to obtain possession of her child, and filed her petition for a writ of *habeas corpus* in this

court, July 22, 1891. Thereupon an order issued, requiring the respondents to produce the body of said infant before the court September 3, 1891. The respondents answered the petition, setting up the record of the probate court of Stafford county, showing the adoption of said infant by them, and alleging that they had and retained the custody of said child as their own by virtue of the proceedings and order of adoption of said probate court. A reply was filed by the petitioner, setting up the proceedings had in the probate court June 17, 1891.

This court is of the opinion that the proceedings before the probate court of Stafford county, on June 17, 1891, as set up in the reply of the petitioner, were wholly without jurisdiction, and therefore entitled to no weight in the consideration of this case; that the case is to be considered as having the same *status* here, now, as it would have if such proceedings had not been had, and the petitioner was here for her writ, alleging the matters contained in her petition. That being true, the only question for our consideration is, does the evidence establish the fact that the respondents are not proper persons to have the custody, care and education of said infant? If it does, it is our duty to take such infant from the possession of the respondents and place it in proper hands, looking principally to the future welfare of the infant in so doing. The record shows that the infant was less than one year old when the respondents adopted it, and that it is now four years of age. Doubtless, having taken the child when it was so young, and having kept it so long, and adopted it as their own, the McClures have become greatly attached to the child; and, indeed, their evidence shows that they entertain the same affection for it that they would had the child been born their own. Under such circumstances it would take a strong showing to induce this court to take the child from them for any purpose. While this court would not hesitate to remove the child from their custody if we were satisfied the respondents were not proper persons to bring it up, yet it would require a stronger showing than under many circumstances and con-

ditions to induce us to take the child from persons who adopted it as their own, by permission of the court, at such a tender age, when it required so much attention and care, and after they have cared for it for a period of three years and over.    In this case, however, an examination of the evidence shows no occasion for the intervention of this court in behalf of said infant.    The evidence shows the respondents cherish it as their own; that they are possessed of a home of their own, wherein they live about like the average of farming people in this new country; that they are members, in good standing, of a Christian church, and, so far as we are able to gather from the evidence, are themselves, as individuals, among the average of the people in the community where they reside.    We believe these people who have this child are giving it, and will continue to give it, reasonably good care, and a reasonably good home. If at any time in the future, during the infancy of Bessie May, the respondents should fail in their duty to her to such an extent as to render it necessary and proper for this court to interfere in her behalf, we would, upon our attention being called thereto, promptly relieve them of the custody of the child and place it in other hands.

It is recommended that the writ be denied.

By the Court: It is so ordered.

All the Justices concurring.