## BOARD OF COM'RS OF POTTAWATOMIE COUNTY V. GRACE.

### No. 476.    Opinion Filed January 13, 1909.

#### (99 Pac. 653.)

1. **NEW TRIAL—Motion—Time For.** Application for a new trial, unless unavoidably prevented, except for the cause of newly discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be filed within three days after the verdict or decision is rendered.

2. **APPEAL AND ERROR—Dismissal—Motion for New Trial Out of Time.** When it appears from the record that such application was filed on the fourth day after the verdict or decision was rendered, and thereafter the court makes an order striking said motion from the files, and neither is there any exception reserved to such action nor any additional motion for a new trial filed, and subsequently the court enters an order reciting that the motion for a new trial is overruled and exceptions saved, and there are no other questions presented by the record that are properly reviewable in this court without first having been assigned in a motion for a new trial, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County.*

Action by W. A. Grace against the Board of County Commissioners of Pottawatomie County. Judgment for plaintiff, and defendants bring error. Writ of error dismissed.

*V. R. Biggers* and *C. P. Holt,* for plaintiffs in error.
*T. G. Cutlip* and *C. B. Connor,* for defendant in error.

WILLIAMS, C. J. As disclosed by the record, on the 17th day of January, A. D. 1908, the case was tried in the lower court without the intervention of a jury, and judgment rendered in favor of the defendant in error. Afterwards, to wit, on the 21st day of January, A. D. 1908, defendants filed motions to set aside report of referee and for a new trial, and thereafter, on the 27th day of January, A. D. 1908, the court made an order striking said motion for a new trial from the files, and allowing the

defendants to file a motion for a new trial. There is nothing in the record to show why the order was made striking said motion from the files, nor does it appear that any other motion for a new trial was filed. On the 30th day of January, A. D. 1908, as recited in the record, the court made an order overruling defendant's motion for a new trial, to which action exceptions were saved.

Section 4495, Wilson's Rev. & Ann. St., provides that except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, the application for a new trial shall be within three days after the verdict or decision was rendered, unless unavoidably prevented. The motion for a new trial, so far as is shown by the record, was not filed in time. As it appears that neither was any exception taken to the order striking the first motion from the files nor any further motion for a new trial filed assigning the action of the court in striking the first motion from the files as error, or any errors of law occurring at the trial, and as no other question is presented in the record for review, except where a motion for a new trial is indispensable for its consideration here, the motion to dismiss the appeal must be sustained. It is so ordered.

All the Justices concur.