## J. R. WATKINS MEDICAL CO. v. LIZAR et al.

No. 9864—Opinion Filed June 8, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Review—Motion for New Trial—Time for Filing.**

Revised Laws 1910, sec. 5035, requiring a motion for a new trial to be filed within three days after verdict, is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial.

2. **Judgment — Orders—Vacation—Power of Trial Court.**

It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounced them during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court.

3. **New Trial—Motion After Term—Misconduct of Jury.**

Affidavits, disclosing misconduct on the part of the jury, filed during the term, but more than three days after the return of the verdict, are sufficient to invite the attention of the court, and would authorize the court in setting aside the verdict during the term of court wherein the verdict was rendered, but unless the court acts at that term, it would be without jurisdiction, at a subsequent term, to vacate any order or judgment rendered at a prior term upon the strength of said affidavits on a motion for new trial filed the first day of the succeeding term.

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by the J. R. Watkins Medical Company against Jasper N. Lizar, A. J. Livesay, H. H. Swalley, and C. S. Platz. Judgment for plaintiff, defendants granted a new trial, and plaintiff brings error. Reversed and remanded.

L. V. Orton and Tawney, Smith & Tawney, for plaintiff in error.

McCollum & McCollum, for defendants in error.

PITCHFORD, J. Plaintiff in error commenced this action against the defendants in the district court of Pawnee county, and on the 29th day of September, 1917, judgment was rendered in favor of the plaintiff against the defendants. Within the statutory time, defendants filed a motion for a new trial, which motion was, on the 9th day of October, 1917, overruled. Defendants were given an extension of time to make and serve case-made, also time within which to file supersedeas bond, which bond was thereafter, on the 9th day of November, 1917, duly filed. On the same date of the filing of the supersedeas bond, defendants filed the affidavits of N. H. Swalley, one of the defendants, and one F. A. Walker. The affidavit made by Swalley was to the effect that on the 28th day of September, 1917, after the jury had retired to consider their verdict, they were not held together, but were permitted to separate, and that affiant was approached by one F. A. Walker, one of the jurors, who informed the affiant that F. A. Boyles, foreman of the jury, wanted $200 from the affiant, and that for the consideration of $200 Boyles would throw his influence and support to the defendants in the further deliberations of the jury in the cause. The affidavit subscribed to by Walker was in corroboration of that made by Swalley. No motion or other writing was

attached to these affidavits and nothing filed in connection with them; neither were copies served on plaintiff or its attorney, nor notice of any kind given that the affidavits had been filed. These affidavits were filed 38 days after the filing of the motion for a new trial and 30 days after the motion for new trial had been overruled.

On January 3, 1918, the defendants made application for a further extension of time to make and serve case-made. On the following day the court granted 60 days' extension of time. On the 7th day of January, 1918, the same being the first day of the January term of court, defendants filed, without notice to plaintiff, or its attorney, another and second motion for new trial on the general statutory grounds and attached the two affidavits referred to. Permission to file this second motion was granted in the absence of plaintiff's attorney and without his knowledge.

When counsel for plaintiff learned of the filing of this motion, he immediately filed a motion to strike from the files the last motion for new trial. The motion to strike was never considered or decided by the court, and on the 23rd day of February thereafter, without notice to plaintiff, or its attorney, and in the absence of the attorney, the second motion for new trial was sustained by the court and the verdict of the jury and judgment rendered on October 9, 1917, were set aside and a new trial granted. The new trial seems to have been granted upon the information furnished the court by the affidavits of Swalley and Walker. From the order and judgment granting the new trial, plaintiff appeals.

Section 5035, Rev. Laws 1910, provides that the application for new trial, with certain exceptions set out in the statute, must be filed within three days after the verdict or decision was rendered, unless unavoidably prevented. There is an unbroken line of decisions of this court to the effect that the provisions of this section are mandatory.

In Ewert v. Wills et al., 72 Oklahoma, 178 Pac. 87, the second paragraph of the syllabus states:

"Where no motion for new trial has been actually filed within the statutory period, a recital in the record that the plaintiff 'in due form files his motion for a new trial, and the same being heard and considered is by the court denied' is of no avail as a substitute for the filing of such motion."

To the same effect, see Powelson v. State, 69 Oklahoma, 169 Pac. 1093.

In Roberts et al. v. Seals, 43 Okla. 467, 143 Pac. 199, it was said:

"Rev. Laws Okla., 1910, sec. 5035 (Comp. Laws 1909, sec. 5827), requiring a motion for a new trial to be filed within three days after verdict, is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial. Held, further, that the trial court has no power to grant an extension beyond the time specified, and a filing mark upon such motion, showing same filed within the statutory period, is not conclusive. Held, further, that an agreement of counsel cannot work to effect an extension beyond the time specified in the statute."

The precise question presented by this appeal seems to have never been passed upon by this court. It is not claimed by the defendants that a new trial was granted upon newly discovered evidence, but that the verdict of the jury was secured by gross fraud.

Under section 5033, Rev. Laws 1910, chap. 60, p. 1365, we find that a new trial may be granted for any of the following causes:

"First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion by which the party was prevented from having a fair trial.

"Second. Misconduct of the jury or prevailing party.

"Third. Accident or surprise, which ordinary prudence could not have guarded against.

"Fourth. Excessive damages, appearing to have been given under the influence of passion or prejudice.

"Fifth. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property.

"Sixth. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.

"Seventh. Newly-discovered evidence, material for the party applying which he could not, with reasonable diligence, have discovered and produced at the trial.

"Eighth. Error of law occurring at the trial and excepted to by the party making the application.

"Ninth. When, without fault of complaining party, it becomes impossible to make case-made."

The application for new trial must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly-discovered evidence, material for the party applying, that he could not, with reasonable diligence, have discovered and produced at the trial, or that it is impossible to make case-made, shall be within three days after

the verdict or decision was rendered, unless unavoidably prevented.

Section 5267, Rev. Laws 1910, provides that the district court shall have power to vacate or modify its own judgments or orders at or after the terms at which such judgment or order was made:

"First. By granting a new trial for the cause, within the time and in the manner prescribed in section 5035.

"Second. By a new trial granted in proceedings against defendants constructively summoned, as provided in section 4728.

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

"Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order.

"Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings.

"Sixth. For the death of one of the parties before the judgment in the action.

"Seventh. For unavoidable casualty or misfortune preventing the party from prosecuting or defending.

"Eighth. For errors in a judgment, shown by an infant in twelve months after arriving at full age, as prescribed in section 5142.

"Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Section 5268, Rev. Laws 1910, provides:

"The proceedings to correct mistakes, or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

Section 5269, Rev. Laws 1910, provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivision four, five, six, seven, eight and nine, of the second preceding section, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

Section 5274, Rev. Laws 1910, provides:

"Proceedings to vacate or modify a judgment or order for the causes mentioned in sub-divisions four, five and seven, of section 5267, must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, or a person of unsound mind, and then within two years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same section, shall be within three years, and in subdivision nine, within one year after the defendant has notice of the judgment. A void judgment may be vacated at any time. on motion of a party, or any person affected thereby."

The first motion for a new trial was filed within the statutory time; was overruled and defendants given time to prepare and serve case-made. If the defendants, thereafter, and during the term of court at which the verdict was returned, had discovered the misconduct of the juror, Boyles, in soliciting bribes, as set forth in the affidavit, this matter could easily have been brought to the attention of the court by timely motion, which motion should have been supported by affidavits, and also a showing that knowledge of this misconduct of the juror, Boyles, could not have been discovered within three days after the return of the verdict through the exercise of due diligence. In this case the verdict was returned on the 29th of September, 1917. Mr. Swalley, one of the defendants who subscribed the affidavit attached to the second motion for new trial, states in the affidavit that he was approached on the night of the 28th of September, 1917, and at that time was informed of all the matters stated in the affidavit. Therefore, when the first motion for new trial was filed, on October 2nd thereafter, this knowledge was in possession of the defendants, and the failure to incorporate this knowledge in the motion for new trial cannot be excused unless it is shown that the failure was unavoidable.

It is the contention of the defendants that, regardless of any statutory provision, the district courts of this state have the inherent right to vacate or modify their judgments during the term when such judgment was rendered; that they have the authority and jurisdiction over orders granting or denying a new trial and that if a motion to vacate or modify a judgment is filed during the term when such judgment or order was made, and no action taken upon such motion until the succeeding term, they have the same inherent right to consider such motion at the subsequent term as they would have had if the motion had been considered at the term when such judgment or order was made, and that when such papers or pleadings have been filed during the term, they would be sufficient to invite the action of the trial court and call into motion the power of the trial court to recon-

sider such order; that if such papers or pleadings were not acted upon by the trial court during the term at which they were filed, but were acted upon at a succeeding term, the trial court would have the same inherent power to act as it would have had if it had acted during the term at which such order was made and pleadings filed. The following authorities seem to sustain this contention: Hogan et al. v. Bailey, 27 Okla. 15, 110 Pac. 890; Barnes et al. v. Bruce et al., 63 Oklahoma, 165 Pac. 405; Parks v. Haynes, 52 Okla. 63, 152 Pac. 400; Blake et al. v. Baker, County Treasurer, et al., 66 Oklahoma, 167 Pac. 329.

It is the further contention of the defendants that the affidavits of N. H. Swalley and F. A. Walker, being filed during the term of court at which the verdict was rendered, were sufficient to invoke the jurisdiction of the court to the extent that it would have the right to consider, at a subsequent term, the question of vacating the order theretofore made, denying the new trial. This, on the theory that if a formal motion had been filed, at the time and in the manner affidavits were filed, there could be no question of the authority of the court to hear the formal motion at the subsequent term. We have not been favored with any decisions covering this contention, but counsel say that the general principles of the law covering these propositions were ample, and fully sustained the trial court in making the order at the subsequent term vacating its prior order, and as shedding some light upon the question (among other authorities) we are cited to the case of State ex rel. Morrison v. City of Muskogee et al., 70 Oklahoma, 172 Pac. 796, wherein it is said:

"The nature of a pleading is determined, not by the title given it by the pleader, but by the subject-matter thereof, and a pleading in the form of a motion to dismiss, and so styled, setting up defensive matters, cannot be considered as a motion, but may be treated as an answer."

And the case of Kee v. Satterfield, 46 Okla. 660, 149 Pac. 243, wherein it is said:

"Under the provisions of the Code, it is not necessary that a pleading state facts to bring the cause under any particular form of action at common law, but it is sufficient if the pleading state facts in a plain and concise manner, from which the court can see that the plaintiff is entitled to some legal or equitable relief."

It is true that the form of the pleading is not the controlling feature, but its substance is to be considered, and if the substance is such as to present the question to the trial court for judicial determination, then ordinarily that pleading is sufficient to invoke the jurisdiction of the trial court, and the trial court could construe such pleading to be a different pleading from what it is designated, and give such relief as the party might be entitled to thereunder.

Conceding that the court would have the right on its own motion to set aside the verdict and grant a new trial in the absence of any motion therefor, during the term, this right cannot be extended beyond the term. The mere fact of the affidavits being on file would not satisfy the statute requiring the motion for a new trial; in other words, the affidavits cannot take the place of the motion. For the sake of argument, say that no motion had been filed in the case at bar, nothing further than the affidavits, and the court's attention had been called to these affidavits during the term—we do not think that it can be seriously contended that the court could not, of its own motion, have ordered the new trial, notwithstanding the order granted theretofore denying the new trial; but when the term expired and no action had been taken by the court on the affidavits, the mere fact of the same having been filed during the term did not extend the power of the court to act upon them at a subsequent term.

The judgment of the lower court is, therefore, reversed and remanded for further proceedings not inconsistent with the views herein expressed.

RAINEY, C. J., HARRISON, V. C. J., and JOHNSON, and BAILEY, JJ., concur. cur.