**PETER MAZ-HE v. JEFFERSON TRUST CO.**
and
**JEFFERSON TRUST CO v. PETER MAZ-HE.**

Nos. 10056 and 10198—Opinion Filed April 19, 1921.

Rehearing Denied May 31, 1921.

(Syllabus.)

**1. Appeal and Error—Review — Necessity for Motion for New Trial.**

Sections 5035 and 5036, Revised Laws of 1910, requiring motion for a new trial to be filed within three days after the verdict or decision is rendered and to be made in writing, are mandatory; and, in the absence of the showing that the party filing said motion has been unavoidably prevented from doing so within the time fixed by the statute, this court will not consider errors occurring at the trial. Clark et al. v. Caldwell, 74 Oklahoma, 181 Pac. 285.

**2. Appeal and Error—Dismissal—Time for Proceedings.**

Where plaintiff in error fails to file his appeal in this court within six months from the date of the rendition of the judgment or order appealed from, as required by chapter 18, page 35, Session Laws of 1910-11 (section 5255, Bunn's Ann. Supp. to the Revised Laws of Oklahoma), the same will be dismissed for want of jurisdiction.

**3 Indians—Determination of Heirship of Deceased Allottees by Secretary of the Interior Conclusive — Issuance of Patent to Heirs.**

By authority of the provisions of section 6 of the act of the Congress approved May 8, 1906, 34 Stat. L. 182, 183, and the act of June 25, 1910, 36 Stat. L. 855, which was made applicable to Oklahoma by the act of Congress of February 14, 1913, the Secretary of the Interior was vested with authority to ascertain the legal heirs of deceased Indians and cause to be issued to said heirs, in their name, a patent in fee simple for the lands being held in trust by the United States for the original allottees, and the action of the Secretary of the Interior in determining the legal heirs of such deceased Indians in accordance with the authority granted is conclusive and final.

**4. Deeds—Cancellation—Gross Inadequacy of Consideration—Presumption of Fraud.**

In an action to cancel a deed, where the evidence discloses that the same was obtained from a man nearly 100 years of age, who was a member of the Citizen Band of Pottawatomie Indians, uneducated, could speak but very little English, unable to write; that the interest in the lands conveyed was of the value of $2,000, for a consideration of $50—held, in such a case the inadequacy of price is so gross as to shock the conscience of the court and establish a strong presumption of fraud, and that such conveyance should be canceled.

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Actions by Peter Maz-he against the Jefferson Trust Company. Judgment for plaintiff on his first cause of action in ejectment. Judgment on the second cause of action to cancel deed in favor of the defendant. The Jefferson Trust Company brings error from judgment on the first cause of action, and Peter Maz-he brings error from judgment on the second cause of action; said appeals being consolidated in this court. The appeal of the Jefferson Trust Company in cause No. 10198 is dismissed. In cause No. 10056 the judgment is reversed, and the cause remanded, with directions to the trial court to enter judgment in favor of the plaintiff, Peter Maz-he.

Arrington & Arrington and A. E. Crane, for Peter Maz-he.

Mark Goode, for Jefferson Trust Company.

KENNAMER, J. The two causes here on appeal were consolidated for the reason that Peter Maz-he, plaintiff in error in cause No. 10056, filed his second amended petition in the district court of Pottawatomie county pleading three different causes of action. The first cause of action pleaded was an ejectment action for the possession of the allotment of one Maz-he, a member of the Citizen Band of Pottawatomie Indians; the plaintiff, Peter Maz-he, contending that one Wah-sah-to and himself were the nephews of the allottee and the sole and only heirs and entitled to possession of the allotment; that since the filing of the original petition in the action his co-plaintiff, Wah-sah-to, had died, leaving him as the sole heir of the deceased allottee. The second cause of action pleaded in the petition of the plaintiff prayed for the cancellation of a certain deed which the Jefferson Trust Company, plaintiff in error in

cause No. 10198 and defendant in error in cause No. 10056, had obtained from Wah-sah-to, coplaintiff of Peter Maz-he, after the institution of this action, upon the ground that the consideration paid for the interest conveyed under said deed was so inadequate and unconscionable as to shock the conscience of the court, and that fraud was practiced in obtaining the deed. Upon a trial of the causes the court instructed the jury, on the 25th day of January, 1918, to return a verdict for the plaintiff upon his first cause of action, which verdict was duly rendered and filed. On the 30th day of January, 1918, the court entered judgment on the verdict in favor of the plaintiff and against the defendant. The judgment entered upon the verdict of the jury was for the possession of the lands and sustained the first cause of action in ejectment. The court in rendering the judgment found for the defendant upon the second cause of action and sustained the deed which the Jefferson Trust Company had obtained from the coplaintiff of Peter Maz-he for the sum of $50, and decreed the Jefferson Trust Company to be the owner of an undivided half interest in the lands. The third cause of action was by the plaintiff dismissed. The Jefferson Trust Company, plaintiff in error in cause No. 10198, has attempted to appeal and reverse the judgment rendered by the trial court upon the verdict of the jury sustaining the plaintiff's first cause of action in ejectment.

The case-made filed by the Jefferson Trust Company, as plaintiff in error, v. Peter Maz-he, as defendant in error, in cause No. 10198, discloses that the verdict of the jury was filed and returned into court on the 25th day of January, 1918; that the motion for a new trial by the Jefferson Trust Company was not filed until February 2. 1918, seven days after the verdict was rendered; that the judgment of the court was entered on the 30th day of January, 1918. It is not contended that the plaintiff in error was unavoidably prevented from filing the motion for a new trial within three days, the time prescribed by the statute, or that the motion was upon the ground of newly discovered evidence. Under section 5035, Revised Laws of 1910, the motion for a new trial must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly discovered evidence, material for the party applying which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented. The statute prescribing the time within which to file a motion for a new trial

is mandatory. Ronne v. Hirsh, 71 Oklahoma, 178 Pac. 88; Clark et al. v. Caldwell, 74 Oklahoma, 181 Pac. 285; J. R. Watkins Medical Co. v. Lizar, 78 Okla. 302, 190 Pac. 552.

Chapter 18, Session Laws of Oklahoma, 1910-11, at page 35 (section 5255, Bunn's Ann. Supp. to the Revised Laws of Oklahoma), provides:

"All proceedings for reversing, vacating or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of. * * *"

It is obvious that this court has no jurisdiction of the appeal in cause No. 10198, the Jefferson Trust Company, plaintiff in error, v. Peter Maz-he, defendant in error, and the same must be dismissed for the reason the petition in error was not filed in this court within six months from date of judgment. Thomason v. Champlin, 43 Okla. 86, 141 Pac. 411.

It is so ordered.

In cause No. 10056 the only question presented to the court for decision is whether or not the plaintiff, Peter Maz-he, is entitled to a cancellation of the deed obtained from Wah-sah-to Maz-he, the co-plaintiff with Peter Maz-he and who died prior to the trial of the cause in the court below. The trial court having rendered judgment in favor of the defendant below, the Jefferson Trust Company, the plaintiff, Peter Maz-he, brings the judgment of the court denying a cancellation of the deed here for review. The undisputed testimony shows that the lands in question were allotted to one Maz-he, a member of the Citizen Bank of Pottawatomie Indians, pursuant to the act of Congress of February 8, 1887, ch. 199, sec. 5, 24 Stat. L. 388. Section 5 of the act reads as follows:

"That upon the approval of the allotments provided for in this act by the Secretary of the Interior, he shall cause patents to issue therefor in the name of the allottees, which patents shall be of the legal effect, and declare that the United States does and will hold the land thus allotted for the period of twenty-five years, in trust for the sole use and benefit of the Indian to whom such allotment shall have been made, or, in case of his decease, of his heirs according to the laws of the state or territory, where such land is located, and that at the expiration of said period the United States will convey the same by patent to said Indian, or his heirs as aforesaid, in fee, discharged of said trust and fee of all charge or incumbrance whatsoever; provided, that the President of the United States may in any case in his discretion extend the period. And if any

conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void."

That the allottee, Maz-he, died in Jackson county, Kansas, some time in the year of 1895 or 1896; that on or about the 21st day of October, 1914, pursuant to an order of the Secretary of the Interior finding Peter Maz-he and Wah-sah-to to be the legal heirs at law of the deceased allottee, Maz-he, a fee-simple patent was issued to Peter Maz-he and Wah-sah-to and their heirs. It appears that on or about the 22nd day of March, 1904, Marie F. Donovan attempted to purchase the allotment of Maz-he from Anton Burnett and James Burnett, who claimed to be the heirs of the deceased allottee, and presented affidavits of heirship and secured the approval of a deed by the Burnetts to Donovan by the Secretary of the Interior. The Jefferson Trust Company contends in this cause that the title to the lands prior to the issuance of final patent was in the United States and in approving the conveyance of the supposed or purported heirs that, until such conveyance is canceled and set aside, the United States was without power to issue a patent conveying the lands to any other person. This contention cannot be sustained. The Burnetts in securing the approval of the Secretary of the Interior to their conveyance to Donovan conveyed no title if they in fact were not the heirs of the allottee. It is not contended that there was any authority by reason of any act of Congress vesting the Secretary of the Interior with authority to decree heirship at the time of the purported approval of the Burnett conveyance, but all the authority the Secretary had was to approve the conveyance of the real heirs, but the patent issued to Peter Maz-he and his brother, Wah-sah-to, as the heirs of the deceased allottee was authorized by act of the Congress of May 8, 1906, 34 Stat. L. 182-183, which granted authority to the Secretary of the Interior to ascertain the legal heirs of deceased Indians and cause to be issued to their heirs a final patent, and the patent issued to Peter Maz-he and Wah-sah-to under the authority of said act, until canceled and set aside in a court of competent jurisdiction, vested the title to the lands in controversy in Peter Maz-he and Wah-sah-to as the heirs of the deceased allottee.

Counsel for the Jefferson Trust Company contends that if in fact Peter Maz-he and Wah-sah-to were the heirs of the deceased allottee, this action was barred by the statute of limitation. There is no merit in this contention, for the reason the government was holding the lands in trust and the statute of limitation would not operate as long as the lands were being held in trust by the government. Statutes of limitation are not available against a restricted Indian. Wrigley v. McCoy, 73 Oklahoma, 175 Pac. 259, McGannon v. Straightlege, 32 Kan. 524, 4 Pac. 1042; Gibson v. Chouteau, 13 Wall. (80 U. S.) 92, 20 L. Ed. 534.

It appears from the record in this case that the plaintiff, Peter Maz-he, together with his brother, Wah-sah-to, were in possession of the lands in controversy during the year 1913, by reason of one William Sharp having leased the lands from the plaintiff and his brother, Wah-sah-to, and occupied and used the lands as their tenant and paid the rent of $100 to the plaintiff and his brother, Wah-sah-to. It further appears from the record that Sharp was in possession of the lands claiming title through mesne conveyance from Marie Francis Donovan, the same party who claimed to have purchased from the Burnett heirs, but being notified by the Secretary of the Interior of the determination of the heirship and issuance of patent to Peter Maz-he and Wah-sah-to, he recognized the order of the Secretary of the Interior decreeing heirship and executed a quitclaim deed to Peter Maz-he and Wah-sah-to and leased the lands from them. Clearly there is no foundation upon which the statute of limitation can apply to this cause. The question here, since we have held that the appeal of the Jefferson Trust Company must be dismissed, is the one presented by Peter Maz-he on his appeal, as to whether or not the deed which the Jefferson Trust Company obtained from Wah-sah-to should be canceled. It is admitted by the parties to this controversy that the interest of Wah-sah-to in the lands, if he in fact was an heir, which was finally determined in the trial of the first cause of action stated in the petition, was of the value of $2,000. The evidence is undisputed that he was an old Indian, near the age of 100 years, illiterate, and could speak but very little English. Prior to his death he testified by deposition that a Mr. Horn, who the evidence shows was an agent of the Jefferson Trust Company, and an Indian interpreter by the name of Bosley, who the evidence shows was hired by the Jefferson Trust Company to interpret for this particular transaction, came to his place and represented to him that they wanted to pay him his lease money which was due him and wanted him to sign papers. The testimony shows for the year 1913 he had received $50 as his pro rata share of the lease money due on the lands in controversy, and, be-

lieving that he was signing a receipt for the lease money, he made his thumb mark upon an instrument of some kind. The evidence by Mr. Horn, the agent of the Jefferson Trust Company, shows that Wah-sah-to was so old and decrepit that he had to steady his hand for him to make his mark. The evidence further discloses that they secured his mark to an instrument requesting the dismissal of his suit wherein it was being sought to recover his interest in the lands in controversy, and that he agreed to pay the cost of the suit, and while the record is not clear, it is undisputed that the cost amounted, at that time, to more than the $50 that was being paid for his interest in the lands valued at $2,000. The trial court in rendering judgment for the defendant and refusing to cancel the conveyance, which the Jefferson Trust Company relies upon, assigned no reasons, made no findings of fact that would give the court any light upon what law or facts the deed should be sustained. When we consider all the facts and circumstances attending this transaction we are unable to reach the conclusion that a deed obtained under the circumstances as disclosed by the record as this deed was, should be sustained. We are fully warranted in concluding that the consideration of $50 for lands of the value of $2,000 is sufficient to constitute constructive fraud and in good conscience cannot be sustained in a court of equity. Gross inadequacy of consideration raises a strong presumption of fraud, but the evidence of the witness on behalf of the defendant, the Jefferson Trust Company, discloses that the deed was not fairly obtained, and the record is full of inequitable facts and circumstances that sustain the conclusion that the deed was obtained through fraud. The very fact that the parties obtaining the deed were not satisfied with having the old Indian of nearly a century's age sell his interest in an estate valued at $2,000 for $50, but proceeded to have him sign a written instrument requesting his suit to be dismissed at his cost with an accumulated cost of more than he was obtaining for his $2,000 estate, shows conclusively that he was imposed upon or was incompetent to transact the business under consideration, and that the judgment herein is clearly against the weight of the evidence.

In the case of Bruner v. Cobb, 37 Okla. 228, 131 Pac. 165, this court said:

"We might content ourselves by saying, and the record would fully warrant such conclusion, that the inadequacy of the consideration, of itself, free from any other fact or circumstances, is sufficient to constitute constructive fraud of such magnitude as to require the cancellation of the convey-

ance; but in this case we are not required to base our judgment upon this lone conclusion, for the record is full of other inequitable facts and circumstances that, to our mind, are so cumulative in their character and corroborative of the above conclusion as to leave no room for doubt in the mind of any fair minded man." See volume 2, Pomeroy's Equity Jurisprudence, sec. 926; Stephens v. Ozborne, 107 Tenn. (23 Pic.) 573, 574.

The judgment rendered decreeing the Jefferson Trust Company to have an undivided one-half interest in the lands in controversy with Peter Maz-he is reversed, and this cause is remanded to the district court. with directions to enter judgment canceling the deed as prayed for in the second cause of action.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.