## WOODYARD v. BURDETT et al.

·No. 14953—Opinion Filed Nov. 25, 1924.

### Appeal and Error—Appellate Jurisdiction— Motion for New Trial out of Time.

Where the motion for a new trial is not filed within three days after the judgment is rendered and the only grounds for a new trial are errors of law occurring at the trial, and no showing is made that the moving party was unavoidably prevented from filing the motion within the statutory time, this court does not, by appeal, acquire jurisdiction to consider and determine the questions presented by such motion, and such jurisdiction is not acquired by agreement of the parties.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court. Payne County; C. C. Smith, Judge.

Action by L. H. Woodyard against Mary E. Burdett, W. S. Burdett, and C. R. Smith. Judgment for defendants, and plaintiff appeals. Dismissed.

Geo. F. Cunningham, for plaintiff in error.

Geo. A. Hoke, for defendants in error.

Opinion by RAY, C. Plaintiff in error asks reversal for errors of law occurring at the trial. In his brief he sets out the following stipulation:

"In the District Court in and for said County and State.

"No. 6556

"L. H. Woodyard, Plaintiff vs. Mary E. Burdett, W. S. Burdett and C. R. Smith, Defendant.

"Stipulation and Agreement.

"It is hereby stipulated and agreed by and between Geo. Hoke, attorney of record for defendants, Mary E. Burdett and W. S. Burdett, and Geo. F. Cunningham, attorney for the plaintiff, L. H. Woodyard, that the motion for a new trial filed by the said attorney plaintiff in the above entitled action may be heard and passed upon by the said court at the present term of said court, by and with the consent of said court, and the said attorney for the said defendants hereby waives all objections to the hearing of said motion because the same was not filed within three days from the time that the decision was rendered in said case by said court, and agrees that said motion may be heard and decided by said court just the same as if it had been filed within said statutory period.

"Geo. A. Hoke,
    "Attorney for Defendants.

"Geo. F. Cunningham,
    "Attorney for Plaintiff.

"Filed Oct. 26, 1923."

The motion for new trial was denied the same day the stipulation was filed. The record discloses that judgment was rendered on the 19th day of October, 1923, and the motion was filed October 23, 1923. The grounds for a new trial set forth in the motion are identical with the assignment of errors. A new trial was not asked for newly discovered evidence. No showing of any kind or character was made that plaintiff in error was unavoidably prevented from filing the motion for a new trial within three days after the judgment was rendered.

This court, in a long line of decisions. has uniformly held that, in the absence of a showing that the moving party had been unavoidably prevented, the trial court, except for newly discovered evidence, cannot consider a motion for new trial filed more than three days after the verdict is entered. Board of Commissioners of Pottawatomie County v. Grace, 23 Okla. 35, 99 Pac. 653; Eggleston v. Williams, 30 Okla. 129, 120 Pac. 944; Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733; Allen v. Gates, 38 Okla. 408, 134 Pac. 51; Western Coal and Mining Co. v. Tulloss, 43 Okla. 298, 142 Pac. 1035; Ewert v. Wills et al., 72 Okla. 23, 178 Pac. 87; Watkins Medical Co. v. Lizar et al., 78 Okla. 302, 190 Pac. 552; Southern Surety Co. v. Hatch, 89 Okla. 76, 213 Pac. 728. In Roberts v. Seals, 43 Okla. 467, 143 Pac. 199, it was expressly held that "an agreement of counsel cannot work to effect an extension beyond the time specified in the statute."

This court is, therefore, without jurisdiction to review the errors of law occurring at the trial. No other questions are presented for consideration by the assignment of errors. The appeal should be dismissed.

By the Court: It is so ordered.