**DUNHAM v. BOWERS, Sheriff, et al.**

No. 16213—Opinion Filed March 2, 1926.

Rehearing Denied Dec. 7, 1926.

**1. New Trial—Time for Filing—Review—Statute.**

A motion that alleges irregularities in the form of the judgment, that it "is faulty" and contrary to the evidence and the law of the case, and asks that same be "set aside and vacated" on these grounds, is not a motion to set aside a void judgment, but a motion for a new trial, "and except for the cause of newly discovered evidence * * * or impossibility of making a case-made," as provided by section 574, C. S. 1921, shall be made within three days after the judgment was rendered unless unavoidably prevented.

**2. Same—Insufficiency of Evidence.**

A motion for new trial on the ground of irregularities in the record, or on the face of the judgment or order complained of and insufficiency of the evidence to support it, does not raise the question of a void judgment under section 817, C. S. 1921.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by C. H. Dunham against H. M. Bowers, Sheriff of Woodward County, et al. Judgment for plaintiff. Defendants filed motion for new trial out of time, which was sustained by the trial court, and plaintiff appeals. Reversed.

H. W. Patton and Chas. Alexander, for plaintiff in error.

S. M. Smith, O. C. Wybrant, and S. A. Horton, for defendants in error.

Opinion by THREADGILL, C. The record discloses that on February 13, 1924, C. H. Dunham, in a replevin action in Woodward county, obtained the following judgment against the sheriff and others:

"Now on this 13th day of February, A. D. 1924, this cause came on in regular order to be heard; plaintiff present by his attorney, H. W. Patton, the defendants H. M. Bowers, sheriff, Ralph Hensley, and Daisey Clifton, all present by their attorney, S. M. Smith.

"All parties having waived trial by jury and agreed to trial by the court, and thereupon the plaintiff introduced his evidence and rested, and the defendants H. M. Bowers, sheriff, and Ralph Hensley and Daisey Clifton introduced their evidence and rested, and thereupon the court being fully advised in the premises, both as to the law and the evidence, finds for the plaintiff and against the defendants, and further finds that the said plaintiff is the owner of a vendor's lien contract, covering the automobile in question; upon which said contract there is due the sum of ($1,084), which said vendor's lien contract vests title of the automobile in the said plaintiff.

"The court further finds that the said automobile was not subject to attachment proceedings for the debt of the defendant E. H. Wilson, and that the said plaintiff was at the time of the filing of this action and is now entitled to the possession of said automobile.

"The court finds, however, that the defendants herein executed the redelivery bond to the said plaintiff and retained possession of said automobile, and by reason there of the court finds that the plaintiff's right of recovery is on right of redelivery bond for the amount due plaintiff, not exceeding, however, the penalty of said bond.

"It is therefore by the court decreed. ordered, and adjudged, that the said plaintiff do have and recover of and from the defendants the sum of $1,000, being the value of said property as fixed by the affidavit in replevin and as fixed by the redelivery bond herein, and the costs of this action taxed at $11.80. J. C. Robberts, Judge."

Thereafter, on July 5, 1924, the defendants Daisey Clifton and Ralph Hensley filed the following motion to vacate the said judgment and to obtain a new trial.

"Come now Daisey Clifton and Ralph Hensley, and move the court to set aside and vacate the judgment in this case for the following reasons:

"(1) That the petition of the plaintiff is in the alternative and that by not giving the defendants the right to return said car, and pay whatever damages accrued, took away one of the substantial rights of the defendants guaranteed by law, and said judgment is faulty and should be set aside and vacated.

"(2) That said judgment is contrary to the evidence in this case and the law of the state of Oklahoma, in this, that the automobile in controversy was held in this state by the said E. H. Wilson for more than four months prior to the filing this suit: that at the time of the filing of this suit there was nothing on the public records of Woodward county, Okla., showing that there was a conditional sale between the plaintiff and E. H. Wilson, and that more than 120 days had expired before the suit was commenced after the location of said property within the state, and that the plaintiff, nor E. H. Wilson, had complied with the laws of the state in regard to the filing of said conditional sale.

"(3) That E. H. Wilson had violated the laws of the state of Oklahoma regarding the purchase of automobile license within the time fixed by the laws of the state of Oklahoma, and that said automobile was rightfully in the possession of the sheriff of Woodward county, Okla., under said law.

"Wherefore, Daisey Clifton and Ralph Hensley ask that the said judgment be set aside and vacated, and that they be given a new trial in said cause."

This motion was heard and sustained by the court on October 25, 1924, being at the July term of court. The court found in the order that the motion was filed within the term the judgment was rendered, and based the order upon the facts that "judgment was not in the alternative as prayed for in the petition," and this violated the substantial rights of defendants; that the conditional sales contract, upon which the replevin action was based, was not filed with the court clerk within the 120 days after the property was located within the state, and E. H. Wilson failed to pay the automobile tax required by law, and then the order:

"It is, therefore, the order of the court that the motion of the defendants to vacate and set aside said judgment is sustained and said judgment is vacated and set aside, and defendants granted a new trial in said case."

From this order plaintiff has appealed and presents but one assignment of error, that is, the court erred in sustaining the motion of the defendants in error for a new trial. If the motion was one for a new trial, there is no question but what this contention is correct. Section 574, Compiled Statutes 1921, provides:

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The requirements that the motion should be filed within three days from the date of the judgment, without one of the exceptions is shown, is mandatory. Ewert v. Wells, 72 Okla. 23, 178 Pac. 87; Woodyard v. Burdett, 104 Okla. 214, 230 Pac. 903. But defendants contend that the motion was not one for a new trial. They say "it does not purport to set up any statutory grounds which is required in a motion filed under section 572 of the laws of 1921." We do not think the record supports this contention. The first paragraph of the motion complains of the irregularity of the judgment and says it "is faulty." This is the first ground of the motion for a new trial under the said section. The second paragraph of the motion complains that the "judgment is contrary to the evidence and the law." This is the sixth ground under said section. The third paragraph of the motion complains of a question which must be classed with the one above as under the sixth ground of said section. Defendants contend that their motion "comes under section 781 of the Compiled Statutes of 1921. This section reads as follows:

"An order affecting a substantial right in an action when such order in effect determines the action and prevents a judgment, and an order * * * in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this article."

If defendants mean to contend that this section gives them any rights that do not require the proceedings provided under section 572, they failed to make it clear and we fail to see it.

Again, defendants contend that the cause was not a motion but a petition for a new trial, but no authorities are cited for this contention, and section 576, Compiled Statutes 1921, the only authority we are able to find for this procedure, has not been complied with in any particular, either in form or substance by said motion.

Defendants finally contend that the judgment was a void judgment, and the motion or petition for a new trial was sufficient to invoke the jurisdiction of the court to set it aside on this ground. This is begging the question. The motion speaks for itself. It does not state that the judgment was void, but states it is "faulty," and the question as to whether or not the judgment was void was not presented to the court and is not before us on appeal. This question might still be raised by a proper motion, but it has not been raised by the motion for a new trial brought here on appeal.

For the reasons above expressed, the order vacating the judgment is hereby reversed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 262 §487: 29 Cyc. p. 928. (2) 3 C. J. p. 984 §905.