## FIREMEN'S FUND INSURANCE CO. v. GRIFFIN.

No. 25227.   Feb. 18, 1936.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Finney & Cook, for defendant in error.

PER CURIAM. Defendant in error brought suit against plaintiff in error on a fire insurance policy for loss by fire of a dwelling and household furniture. The defense was made that the defendant in error did not own the dwelling. There was some evidence that the defendant in error owned the dwelling and was in possession under an unrecorded deed. The court entered judgment on February 7, 1933, allowing a recovery for the household furniture, but denying recovery for the dwelling.

Thereafter, on April 19, 1933, and during the same term the judgment was rendered, defendant in error filed a motion to vacate the judgment on the grounds: (1) That the judgment was not sustained by sufficient evidence and was contrary to the evidence; (2) that the judgment was contrary to law; (3) for irregularity in obtaining said judgment in that the court was misadvised as to the law and the rights of the plaintiff; (4) that the plaintiff had filed a good cause of action on a fire insurance policy and substantiated the allegation by good and sufficient proof, and that the term of court at

which the adverse judgment was rendered had not expired, and that the court in its discretion may vacate and set aside said judgment. The court granted such motion and vacated the judgment on June 23, 1933, the court finding that the judgment is not sustained by the testimony and is contrary to law, and that the term at which judgment was rendered had not expired, and that the court had inherent authority to vacate and set aside said judgment. From this order vacating the judgment, the defendant in the court below, plaintiff in error here, appeals.

The only question raised and argued in the brief of plaintiff in error is that the court below was without jurisdiction to vacate its own judgment during the term, since the plaintiff had failed to file a motion for new trial within three days after the judgment was rendered.

The argument of the plaintiff in error is that sec. 400, Okla. Stats. of 1931, requires an application for new trial to be made within three days after the judgment, except for the cause of newly discovered evidence and unless unavoidably prevented; that this motion to vacate was in reality a motion for new trial, and it was not made within three days after the judgment, and it did not set up newly discovered evidence or show that the defendant in error was unavoidably prevented from filing it sooner; the grounds thereof being that the judgment was irregular, contrary to the evidence and contrary to law; and that section 556, Okla. Statutes 1931, restricts the power of the district court to vacate its own judgments to the granting of a new trial for cause, within the time and in the manner prescribed in section 400, with certain exceptions specified in section 556 not here material. Plaintiff in error cites in support of its position a number of cases. All of the Oklahoma cases cited except Dunham v. Bowers, 120 Okla. 155, 250 P. 904, are concerned with the jurisdiction of the Supreme Court to review a judgment of the trial court, and quite properly hold unless a motion for new trial is filed within the time provided in the statute, the Supreme Court is without jurisdiction to review the errors occurring at the trial. In Dunham v. Bowers, apparently in point upon the facts, the Commissioner who wrote the opinion based the decision that the trial court was without power to grant a new trial on a motion filed after the expiration of three days, upon the ground that the statutes pertaining to new trials had not been complied with, without giving any consideration to the inherent power of the court to set aside its own judgments within the term.

This court has long held that the Code of Civil Procedure does not limit or restrict the inherent power of the court to vacate or modify its own judgments during the term in which they were rendered. In Nichols v. Bonaparte, 171 Okla. 234, 42 P. (2d) 866, the court said:

"The rule has long been recognized that a trial court has a wide and extended discretion in modifying vacating, or setting aside orders, judgments, or decrees made, rendered and entered in its own court, when it does so at the same term at which such order, decree, or judgment was had. This was held as early as Stark Bros. v. Glaser et al, 19 Okla. 502, 91 P. 1040, and as late as Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 P. 632. Many other cases could be cited so holding."

Nichols v. Bonaparte is in point both on the facts and the law.

In Todd v. Orr, 44 Okla. 459, 145 P. 393, the court, in holding that the trial court had a wide discretion in vacating a judgment rendered in its own court, during the term at which said judgment was had, said (1. c. 466-467):

"The power of a court of record, during the term at which rendered, to control its orders, judgments, and decrees, made during the term, is of far-reaching importance. That such authority should be possessed by trial courts of general jurisdiction must be conceded. Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong, from mere inability to do right. We do not believe it was the intention of the Legislature either to destroy or impair the exercise of such authority, nor does the language of the statute so indicate. As we have seen, from the early days of the common law, the right has been recognized. It is a necessary and inherent power pertaining to the courts in the administration of justice that the very end and object of their institution may not be defeated. * * *"

The point is not made that the court below abused its discretion in vacating its former judgment. As the court below had inherent jurisdiction to vacate or modify its own judgment, even if it had done so on its own motion, during the term in which the judgment was rendered, the order vacating the judgment below must be affirmed and the case remanded to the trial court for further proceedings.

The Supreme Court acknowledges the aid of Attorneys Roscoe E. Harper and W. L. Eagleton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harper and approved by Mr. Eagleton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.