In re ADOPTION OF DAVIS.

No. 35076. April 29, 1952.

*244 P. 2d 554.*

Welch & Welch and Sam Y. Colby, for petitioner.

James D. Payne, Ardmore, for respondents.

GIBSON, J. On the 22nd day of September, 1950, a decree of adoption was entered by virtue of which Marvin Lee Davis was held to be the lawfully adopted child of Herman and Ruth Roberts. Thereafter, on the 6th day of November, 1950, W. L. Davis filed a motion to vacate the decree of adoption. On November 21, 1950, the county judge entered an order denying the motion to vacate the decree of adoption and overruling a motion for new trial filed on the same date. The appeal is from the final action of the county judge.

A motion to dismiss has been filed for the reason that the order as entered is not such an order as may be presented to this court on appeal. The motion to dismiss must be sustained.

In Re Hughes, 88 Okla. 257, 213 P. 79, this court stated:

"There is no specific statute providing for appeals to the Supreme Court from the action of the county court in adoption proceedings.

"An order of the county court permitting the adoption of an infant child is conclusive, so far as that court is concerned. Such court has no further jurisdiction in the matter."

Therein the parties had appealed from an order vacating an adoption proceedings joined with an appeal in a habeas corpus proceeding. In the opinion it is stated:

"In the first place, there is no specific statute providing for appeals to the Supreme Court from the action of the county court in adoption matters. It has been held by the Supreme Court of Kansas, where the statutes on adoption are substantially the same as our own, that:

" 'An order' of the probate court permitting the adoption of an infant child is conclusive so far as that court is concerned. Such court has no further jurisdiction in the matter.' In re Bush, 47 Kan. 264, 27 P. 1003.

"In the second place, the Supreme Court of California, where the law of adoption still more closely approximates our own, holds: That the adoption of a child is essentially a matter of contract between the parties whose consent is required, and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation. In re Johnson's Estate, 98 Cal. 531, 33 P. 460, 21 L. R. A. 380; In re Stevens, 83 Cal. 322, 23 P. 379, 17 Am. St. Rep. 252.

"If this is good law, and there is no serious contention that it is not, of course it follows that this court has no jurisdiction on appeal over such matters, and for this reason the appeal in the first proceeding must be dismissed."

In a response to the motion to dismiss petitioner asserts that the parties have agreed that this case be consolidated with In re Davis, 206 Okla. 405, 244 P. 2d 555, herein wherein there is an appeal from the order involving the custody of said child and that since the movant herein has entered into said stipulation he has waived the right to urge a dismissal of this appeal.

It is the duty of this court to inquire into its own jurisdiction. Howard et al. v. Arkansaw et ux., 59 Okla. 206, 158 P. 437; Oklahoma City-Ada-Atoka Ry. Co. v. Parks, Adm'r, 182 Okla. 598, 78 P. 2d 791. The parties cannot by agree-

ment confer jurisdiction upon this court where otherwise jurisdiction is not obtained. Zahn v. Obert, 60 Okla. 118, 159 P. 298; Woodyard v. Burdett, 104 Okla. 214, 230 P. 903. The stipulation for consolidation must therefore be disregarded as of no effect.

Appeal dismissed.

HALLEY, V. C. J., and JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.