## HASTINGS et al. v. DONNELL.

No. 4141. Opinion Filed June 10, 1913.

(132 Pac. 1085.)

1. APPEAL AND ERROR—Dismissal—Motion for New Trial. As the questions for review are such that it would require a motion for a new trial in order to examine them, and no motion for a new trial was filed within the time prescribed by law, the motion to dismiss must be sustained.

2. NEW TRIAL—Delay in Motion—Sufficiency of Excuse. Showing examined, and held insufficient to excuse compliance with section 5827, Comp. Laws 1909 (Rev. Laws 1910, sec. 5035), which provides: "The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

(Syllabus by the Court.)

Dunn, J., dissenting.

Error from District Court, Grant County;
Wm. M. Bowles, Judge.

Action between George H. Hastings and others and T. F. Donnell, as administrator. From the judgment, Hastings and other bring error. Dismissed.

S. A. Byers, for plaintiffs in error.
J. S. Jenkins, for defendant in error.

KANE, J.    This cause comes on to be heard upon a motion to dismiss upon the ground that final judgment was rendered in said cause on the 17th day of October, 1911, and that the motion for new trial was filed therein on October 28, 1911; that as said motion was filed out of time, and the petition in error assigns errors only that must be presented by a motion for new trial, the appeal ought to be dismissed on the authority of *Edmondson et al. v. Jones,* 31 Okla. 449, 122 Pac. 152.    That case supports the rule contended for.    It held:

"As the questions for review are such that it would require a motion for a new trial in order to examine them, and no motion for a new trial was filed within the time prescribed by law, the motion to dismiss must be sustained."

Counsel for plaintiffs in error seeks to avoid the force of this rule by a showing to the effect that the plaintiffs in error and their counsel are residents of Oklahoma City in Oklahoma county; that the cause was tried in Grant county; that upon the trial the court took the same under advisement from the 17th day of October, 1911, until the 23d day of the same month; that the long distance between the place of the trial and the residence of the plaintiffs in error and their counsel, and the fact that the trial court took said case under advisement and rendered judgment therein without notice to the plaintiffs in error or their counsel, rendered it impossible· for the plaintiffs in error or their counsel to file their motion for new trial within the time prescribed by law.    Therefore they say "that within the meaning and intent of section 5827, Comp. Laws 1909 (Rev. Laws 1910, sec. 5035), said motion for new trial was filed in time."    No authorities are cited in support of this contention, and without them we are not disposed to agree with counsel.    Such a showing might have been addressed to the discretion of the court below, who probably could have granted relief under the seventh subdivision of section 6094, Comp. Laws 1909 (Rev. Laws 1910, sec.

5267); but in our judgment it is not sufficient to excuse compliance with section 5827, *supra*, which provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The motion to dismiss is therefore sustained.

HAYES, C. J., and WILLIAMS and TURNER, JJ., concur; DUNN, J., dissents.