## ALLEN v. GATES.

No. 5132.   Opinion Filed June 26, 1913.

(134 Pac. 51.)

APPEAL AND ERROR—New Trial—Review—Motion for New Trial. Section 5827, Comp. Laws 1909 (Rev. Laws 1910, sec. 5035), requiring a motion for a new trial, except for cause of newly discovered evidence, to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it, or review the errors occurring on the trial. Held, further, that the trial court has no power to grant an extension beyond the time specified.

(Syllabus by the Court.)

*Error from County Court, Cherokee County;*
*J. T. Parks, Judge.*

Action by W. I. Allen against J. A. Gates. Judgment for defendant, and plaintiff brings error. Dismissed.

*J. I. Coursey,* for plaintiff in error.
*Bruce L. Keenan* and *J. Berry King,* for defendant in error.

DUNN, J. This case presents error from the county court of Cherokee county. The cause was tried on the 11th day of October, 1912, and verdict of the jury was rendered and filed on the 12th day of October, 1912, in favor of defendant. Thereupon plaintiff asked until October 15, 1912, in which to file a motion for a new trial, on which date he was granted until the 17th day of October in which to file such motion, which on the 21st day of December, 1912, was overruled, and plaintiff has attempted to appeal to this court. Defendant has filed a motion to dismiss the appeal, on the ground that the motion for new trial was not filed within the time granted by the statute, and therefore this court has no jurisdiction of the case.

Section 5827, Comp. Laws 1909 (Rev. Laws 1910, sec. 5035), provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

In the case at bar there was no showing made that plaintiff was unavoidably prevented from filing his motion for a new trial within the three days specified by the statute, nor was it for the cause of newly discovered evidence which he could not, with reasonable diligence, have discovered and produced at the trial, but on the contrary, he alleges as grounds therefor errors occurring during the trial only, and in such case this court held in *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733, that:

"Comp. Laws 1909, sec. 5827 (Rev. Laws 1910, sec. 5035), requiring a motion for a new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing

that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it, or review the errors occurring on the trial. *Held,* further, that the trial court has no power to grant an extension beyond the time specified."

In the discussion of the case Turner, J., says: "The statute is not only mandatory, but leaves no discretion in the court with respect to the time of its filing."

HAYES, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.