## ROBERTS *et al.* v. SEALS.

No. 5624. Opinion Filed September 22, 1914.

(143 Pac. 199.)

**APPEAL AND ERROR—New Trial—Review—Motion for New Trial—Time.** Rev. Laws Okla. 1910, sec. 5035 (Comp. Laws 1909, sec. 5827), requiring a motion for a new trial to be filed within three days after verdict, is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial. **Held,** further, that the trial court has no power to grant an extension beyond the time specified, and a filing mark upon such motion, showing same filed within the statutory period, is not conclusive. **Held,** further, that an agreement of counsel cannot work to effect an extension beyond the time specified in the statute.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Action by S. S. Seals against W. E. Roberts and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*A. C. Hough* and *Tillotson & Elliott,* for plaintiffs in error.

*W. T. Hunt* and *A. C. Hunt,* for defendant in error.

TURNER, J. Defendant in error secured judgment against plaintiffs in error in the district court of Nowata county on September 27, 1912. Thereafter motion for new trial was filed, and on November 15, 1912, motion to strike the motion for new trial from the files was filed, alleging that said motion for new trial was not filed until October 12, 1912, and that:

"No proper showing was made which would entitle defendant to file said motion for new trial after the expiration of three days from the date the decision was rendered, to wit: September 27, 1912, and that the court was without authority of law and erred in directing the clerk to file said motion as of September 27, 1912."

Testimony was taken when this motion to strike came on to be heard, and the uncontradicted testimony was that, although the motion for new trial bore the filing stamp of September 27,

1912, the same was not in fact filed on that date, but was filed about October 11, 1912; the clerk of the court testified that the trial judge ordered him to file the motion as of September 27, 1912. There was some conflicting testimony as to an agreement of counsel that defendant should have a longer time than the statutory period in which to file his motion for a new trial. There was no attempt to show by the defendant below that he was unavoidably prevented from filing the motion for new trial within the three-day period. The trial court overruled the motion to strike, and in this he erred. The defendant did not even attempt to show that he was unavoidably prevented from filing his motion within time, and it mattered not whether there was an agreement of counsel for extending the time, or that the trial court ordered the motion filed as of a date which placed it within the statutory period. Section 5035, Rev. Laws 1910, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

This section of the statute was construed in *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733, and in the syllabus of that case it is said:

"Snyder's Comp. Laws Okla. sec. 5827, requiring a motion for a new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring on the trial. Held, further, that the trial court has no power to grant an extension beyond the time specified."

As the petition in error alleges only errors occurring during the trial, and as the motion for new trial was not filed in time, the motion to dismiss is sustained upon the authority of *Joiner v. Goldsmith, supra,* and cases cited therein.

All the Justices concur.