## WYLIE v. SHUTLER.

No. 7623.   Opinion Filed February 8, 1916.

(155 Pac. 513.)

**APPEAL AND ERROR—Service of Case-Made—Extension of Time— Condition Precedent.** To authorize the making of an order extending the time for serving a case-made, under section 5246, Rev. Laws 1910, after the time allowed by law, or a former order extending the time, has expired, notice must be given the opposite party of the application for such order, and a showing made to the court or judge, that the failure to serve the case within the time previously allowed, and then expired, was because of "accident or misfortune which could not reasonably have been avoided."

(Syllabus by Brewer, C.)

*Error from District Court, Kingfisher County;*
*W. M. Bowles, Assigned Judge.*

Action by Robert W. Wylie against Robert F. Shutler. Judgment for defendant, and plaintiff brings error. Dismissed.

*R. W. Wylie,* for plaintiff in error.

*Hinch & Bradley,* for defendant in error.

Opinion by BREWER, C.   Defendant in error has filed a motion to dismiss this appeal, and has assigned twelve separate and distinct reasons therefor. We will not undertake to set them all out, except to say that several of them seem to be well taken, and that the cause ought to be dismissed.

A trial of this case was had before the court on April 19, 1915, and plaintiff in error allowed 30 days from that date in which to make and serve a case-made. The case-made was not served within the time allowed; nor was

an order, further extending the time, made before the expiration of the time originally given. Nor is any sufficient showing made, under section 5246, Rev. Laws 1910, of "accident or misfortune, which could not reasonably have been avoided," so as to justify the making of an order extending the time, after the expiration of the time allowed in the former order. Nor does it appear from the record that any notice of such an application out of time was given opposing party. The fact of the matter is that all that appears from the record is that, several days before the time given by the original order had expired, plaintiff in error wrote to the trial judge, asking that further time be granted, evidently expecting it to be granted within the limits of the former order. This, however, was not done; and the order made, after the expiration of the time originally granted, without notice, and without a showing of accident or misfortune, such as is contemplated by law, was ineffective to extend the time. Therefore the case-made was not served within the time allowed by law, or by a valid order of the court extending such time, and for that reason the appeal should be dismissed.

It might be added that all of the errors complained of here, if, indeed, it can be said that any specific errors are clearly alleged and pointed out, would require an examination of the proceedings and matters occurring at the trial. No motion for a new trial was filed, the record showing merely that a motion for new trial would be considered as having been filed and overruled. It is true that, in some supplemental papers filed with us, there is a copy of a formal motion for new trial, which the clerk certifies "is now" on file in his office; but upon such purported motion there is no indorsement as to when it was filed, or that it was ever filed. Without going further into the

conditions of the record before us, or making further reference to the irregularities so obviously appearing, for the reason stated above—that the case-made was not served within the time required by law—the appeal should be dismissed.

By the Court: It is so ordered.