## COLBERT v. HIGGAMBOTHAM *et al.*

No. 6521.   Opinion Filed February 15, 1916.

Rehearing Denied April 5, 1916.

(155 Pac. 1084.)

**APPEAL AND ERROR—Record—Case-Made—Time for Serving.**   To authorize the making of an order extending the time for serving a case-made, under section 5246, Rev. Laws 1910, after the time allowed by law, or a former order extending the time, has expired, notice must be given the opposite party of the application for such order, and a showing made to the court or judge that the failure to serve the case within the time previously allowed, and then expired, was because of "accident or misfortune which could not reasonably have been avoided."

(Syllabus by Brewer, C.)

*Error from County Court, Johnston County;*
*Chas. S. Fenwick, Judge.*

Action by Mrs. Betsey Colbert against W. C. Higgambotham and others.   Judgment for defendants, and plaintiff brings error.   Dismissed.

*Cornelius Hardy,* for plaintiff in error.

Opinion by BREWER, C.   In this case motion for new trial was filed and overruled on December 20, 1913, to which action exceptions were taken by plaintiff in error,

plaintiff below, and for cause shown 140 days were allowed for making and serving a case-made. Nothing further appears to have been done in the matter until May 15, 1914, at which time plaintiff in error asked and was granted a further extension of 20 days.

It will be seen that the 140 days originally allowed for making and serving case-made had expired several days prior to the making of this last order. There is no suggestion in the application for the order, or in the order itself, that the time previously allowed for making and serving case-made had been insufficient for the purpose, or that plaintiff in error had been unable to serve her case within the time allowed, through "accident or misfortune which could not reasonably have been avoided." Nor would it be easily discernible as to why such should be the case, as the record in this case consists of only 35 pages, and involves a little more than a mere copy of the mandatory record.

In *Wylie v. Shutler*, 55 Okla. 377, 155 Pac. 513, it is held:

"To authorize the making of an order extending the time for serving a case-made, under section 5246, Rev. Laws 1910, after the time allowed by law, or a former order extending the time, has expired, notice must be given the opposite party of the application for such order, and a showing made to the court or judge that the failure to serve the case within the time previously allowed, and then expired, was because of 'accident or misfortune which could not reasonably have been avoided.'"

If the holding of the above case is correct, and we have no doubt but that it is a proper construction of section 5246, which is the statute involved, then no case-made

was served within the time and manner provided by law; and it follows there is nothing before us for review.

The appeal should therefore be dismissed.

By the Court: It is so ordered.