### FARMERS' GRAIN & SUPPLY CO. v. ISAAC (BANK OF GAGE, Intervener.)

No. 7364—Opinion Filed June 6, 1916.

Rehearing Denied July 11, 1916.

(158 Pac. 562.)

1. **New Trial—Proceedings to Procure— Time for Filing Motion.**

Where a motion for new trial, not based upon newly discovered evidence, was filed four days after the verdict, and no showing made that its filing within the time prescribed by statute was "unavoidably prevented," held, that such motion was ineffectual for any purpose and should have been stricken.

2. **Same.**

Where the showing made to excuse failure to file motion for new trial within the time prescribed by section 5035, Rev. Laws 1910, was to the effect that the motion was prepared the day the verdict was returned and an effort made to file, but failed because the clerk was not found, and the attorney, wanting to leave town that day, left the motion with an attorney, a member of the local bar, who promised to file same within time, but failed to do so until the fourth day after the verdict, held, that the failure to file was the result of carelessness and negligence, and the party was not "unavoidably prevented" from filing the motion in time.

(Syllabus by Galbraith, C.)

Error from County Court, Ellis County; S. A. Miller, Judge.

Action by the Farmers' Grain & Supply Company against George Isaac, in which the Bank of Gage intervened. Judgment for plaintiff, which was set aside on motion of the intervener and a new trial ordered, and plaintiff brings error. Reversed and remanded, with directions.

J. W. Burrow, for plaintiff in error.

C. B. Leedy, for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error commenced this action in the trial court against George Isaac to recover an indebtedness alleged to be due upon an open account, and caused an order of attachment to issue and certain personal property to be seized thereunder. The Bank of Gage intervened in the action claiming a part of the attached property. An issue was made as to the ownership of this property and tried to the court and a jury, and a verdict returned in favor of the plaintiff. The verdict was entered on the 8th day of December, 1914. A motion for new trial was filed on December 12, 1914. On March 1, 1915, the motion for new trial was granted and the verdict set aside, and a new trial ordered. From that order the Farmers' Grain & Supply Company has prosecuted an appeal to this court.

The principal error assigned is that the motion for new trial was not filed within time—that is, it was not filed with the clerk of the trial court until four days after verdict—and that no sufficient reason was given to justify the filing out of time. The motion for new trial was not based upon the ground of newly discovered evidence, nor was it contended that the plaintiff was prevented by unavoidable casualty from filing the same in time. The showing made at the hearing of the motion for new trial was to the effect that the attorney for the bank prepared the motion the day the verdict was returned and made an effort to file the same with the clerk, but did not do so for the reason that he did not find him, and, as he was leaving town on that day, he left the motion with a member of the bar, who promised to file the same with the clerk within the three days, but failed to do so, and did not file it until the fourth day after the verdict was returned. It thus appears that the failure to file in time was not due to "unavoidable casualty," or anything akin to it, but to carelessness or negligence only. The trial court, in passing upon the motion, gave as his reasons for vacating the judgment and ordering a new trial as follows:

"Well, gentlemen, this is a kind of peculiar case in its nature, where the case was tried out and judgment rendered for the Farmers' Grain & Supply Company, and where the intervener bank being dissatisfied with the judgment attempts to file a motion for a new trial. The attorney for the intervener bank prepares his motion for a new trial on the day following the trial, and brings it to Gage with the intent of filing it, and when he couldn't find the clerk of the court left it with a brother lawyer, who is an officer of the court, to be filed within the time prescribed by the statute. The counsel intrusted with the motion fails and neglects to file it until the fourth day after the trial. He was not interested in the cause in any way. It is not presumed that he did it willfully or neglected it willfully, for the purpose of giving any one any advantage, but was a mere

oversight, and, as the motion was prepared in time, the attorney having the matter in charge failing afterward to file it within time, it strikes me that, if there is any discretion in the matter, it ought to be exercised in the matter to allow the motion at this time, and that will be the order of the court at this time, that the Bank of Gage's motion for a new trial will be granted."

The reasons given by the court for vacating the judgment and ordering a new trial were not sufficient to justify the same. Anderson v. Chrisman, 37 Okla. 73, 130 Pac. 539; Hastings et al. v. Donnell, 38 Okla. 341, 132 Pac. 1085.

Section 5035, Rev. Laws 1910, prescribes that the motion for a new trial shall be filed within three days after the verdict or decision was rendered, "unless unavoidably prevented," and except for the cause of "newly discovered evidence." This statute is mandatory. Roberts et al. v. Seals, 43 Okla. 467, 143 Pac. 199; Western Coal & Mining Co. v. Tulloss, 43 Okla. 298, 142 Pac. 1035; Allen v. Gates, 38 Okla. 408, 134 Pac. 51.

It follows from these authorities that the motion for new trial, not having been filed within the time prescribed by the statutes, and no showing having been made that would authorize it to be filed beyond that time, was insufficient for any purpose, and the trial court was without power to grant the same, or to vacate the verdict of the jury, and the order attempting to do so was a nullity.

The judgment appealed from should be reversed, and the cause remanded to the trial court, with directions to vacate the order granting a new trial, and to strike the motion from the files, and to enter judgment upon the verdict of the jury.

By the Court: It is so ordered.