## BLACK et al. v. BUCHANAN et al.

No. 9518—Opinion Refiled Jan. 20, 1920.

(186 Pac. 938.)

**Appeal and Error—Case-Made—Orders Extending Time.**

An order of the trial court reciting "that 40 days' additional time be granted the protestant for the filing of said case-made, making in all 130 days from the 29th day of June, 1917," is a nullity, in that the time for filing a case-made is governed by statute, and such order does not have the effect of extending the time within which to make and serve a case-made.

(Syllabus by Stewart, C.)

Error from District Court, Love County; W. F. Freeman, Judge.

Action between Sam Black and others and W. E. Buchanan and others. From the judgment, the parties first mentioned bring error. Dismissed.

W. A. Tarver and Davis & Davis, for plaintiffs in error.

Cruce & Potter, for defendants in error.

Opinion by STEWART, C. Final judgment was rendered in the trial court on June 29, 1917, and the following order was made at the time:

"Upon the application of said protestants and for good and sufficient reasons to the court appearing, it is further ordered that 90 days from this date is hereby allowed the protestants for the preparation, submission, and filing of a case-made, and the doing of such other things as may be necessary for the preparation of this case for such appeal."

The case-made was served on October 12,

1917, more than 90 days after the making of such order. However, on September 4, 1917, the trial judge made a further order which reads as follows:

"It is considered, decreed, and ordered that 40 days' additional time be granted the protestants for the filing of said case-made, making in all 130 days from the 29th day of June, 1917."

The defendants in error move to dismiss the appeal:

"First, for the reason assigned that the case-made was not served on the defendants in error within 15 ·days from the rendition of the judgment appealed from, nor within any extension of time granted by the court for such purpose. Second, that the defendants in error were not given three days' time in which to suggest amendments, and no notice of settlement of the case. Third, that the action of the trial court in overruling the motion for a new trial is not assigned as error."

The order of June 29, 1917, does not expressly extend time for making and serving case-made as required by statute; but, assuming that its terms are sufficiently definite, we find that the case-made was not served until long after the extension of such time allowed. It would, therefore, be necessary to dismiss the appeal unless, prior to the expiration of the time at first allowed, the court or judge has made an order extending such time. The only further order which we find is quoted above, and merely grants the protestants 40 days' additional time "for the filing of said case-made." This is not an order extending time for making and serving the case-made. Under the statute, the case-made must be made and served upon the opposite party within 15 days after the judgment, or within such further extension of time as may be properly allowed by the court. The time for filing the case-made is fixed by law. Plaintiff in error has six months within which to perfect an appeal, and, though the law requires the making and serving of a case-made within the 15 days or such further time as may be allowed by the court, it is only necessary for the plaintiff in error to file the case-made within such time as will enable him to perfect appeal to this court within the time allowed by law. Hence the order of the court extending the time within which to file the case-made is a mere nullity. We do not think that, by construction, the last order made can be held to be an extension of time within which to make and serve the case-made.

This attempted appeal in the instant case is from an order of the district court sus-taining the county court in allowing and settling the final account of an administrator. Without deciding whether or not errors arising during the course of the trial may be considered in a case of this kind, in the absence of an assignment that the court erred in overruling the motion for a new trial, we think the petition in error raises a question of law that may be presented upon the record proper. On examination, however, we find that the purported case-made presented to us is not certified as a transcript, and, for the reasons given,

not being effective as a case-made, we have no alternative, but must dismiss the appeal. This court is loath to dismiss appeals on technicalities, but we have searched the record in vain to find any theory upon which to base a substantial compliance with the procedure authorized by law.

The appeal is dismissed.

By the Court: It is so ordered.