HENDON, Co. Atty., v. CONSOLIDATED SCHOOL DIST. NO. 5, POTTAWATOMIE COUNTY.

No. 14612—Opinion Filed Sept. 25, 1923.

Rehearing Denied Oct. 30, 1923.

(Syllabus.)

Appeal and Error — Review — Motion for New Trial—Time for Filing.

Section 574, Comp. Stat. 1921, requiring a motion for a new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Consolidated School District No. 5, Pottawatomie County, against Claude Hendon, County Attorney of said county for writ of mandamus. Writ granted, and defendant brings error. Appeal dismissed.

Carlton & Hendon and F. H. Reily for plaintiff in error.

Clarence Robison, for defendant in error.

KENNAMER, J. This action was begun in the district court of Pottawatomie county by defendant in error, consolidated school district No. 5, for a writ of mandamus requiring the county attorney, Claude Hendon, to affix his signature to certain bonds, certifying that the bonds are within the debt limit and issued according to law, in order that the said district may complete the sale made by delivering said bonds and receiving the necessary funds for the construction of proper and suitable buildings for the conduct of said school in the said consolidated school district.

The cause was tried and judgment rendered by the district court in favor of plaintiff, consolidated school district No. 5, on the 16th day of July, 1923. Motion for new trial was not filed in the office of the clerk until July 24, 1923.

It affirmatively appears that motion for a new trial was not filed within the time required by statute. In the absence of any excuse as to why such motion was not so filed, errors assigned on account of the overruling of the same by the trial court will not be considered by this court. Section 574, Comp. Stat. 1921, provides:

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered, and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." Ewert v. Wills, 72 Oklahoma. 178 Pac. 87; Ronne v. Hirsh, 71 Oklahoma, 178 Pac. 88; Johnson v. Henshaw, 80 Okla. 58, 193 Pac. 998; Allen v. Gates, 38 Okla. 408, 134 Pac. 51; Roberts v. Seals, 43 Okla. 467, 143 Pac. 199.

This appeal being prosecuted to review only errors occurring at and during the trial of the cause, it is plain the motion to dismiss the appeal must be sustained, and it is so ordered.

All the Justices concur.