## NONNAMAKER v. LIVELY.

No. 14732—Opinion Filed Dec. 4, 1923.

(Syllabus.)

**Appeal and Error—Case-Made—Extension of Time—Subsequent Orders.**

To authorize the making of an order to extend the time for serving a case-made, under section 5246, Rev. Laws 1910 (sec. 789, Comp. Stat. 1921), after the time allowed by law, or a former order extending the time, has expired, notice must be given the opposite party of the application for such order, and a showing made to the court or judge that failure to serve the case-made within the time previously allowed and then expired, was because of "accident or misfortune which could not reasonably have been avoided." The appeal is dismissed.

Error from County Court, Kay County; J. L. Roberson, Judge.

Action by Marie Lively against F. C. Nonnamaker. Judgment for plaintiff, and defendant brings error. Dismissed.

David L. Carter, for plaintiff in error.

L. A. Maris, for defendant in error.

BRANSON, J. This action was brought to recover a forfeiture or liquidated damages for failure to comply with the terms of an oil and gas lease. The case was tried to a jury and verdict returned for plaintiff, upon which judgment was rendered. Defendant's motion for a new trial was overruled March 29, 1923, and 90 days allowed in which to prepare and serve case-made. This 90 day period expired June 27th, without case-made having been served or an additional extension of time having been applied for or granted. On June 28th

following, an order was entered by the trial court granting an extension of 60 days' additional in which to serve case-made and case-made was served within this period and filed in this court within 6 months from the date of the judgment or order appealed from.

Defendant in error moves the dismissal of the appeal upon the ground that case-made was not served within the time allowed by law or a valid extension granted by the court, citing In re Isparhecher Sarwarhie, 85 Okla. 186, 205 Pac. 133, and Bowers v. Lawrence, 88 Okla. 31, 210 Pac. 1023. Paintiff in error responds with the statement that the application out of time was made under section 789, Comp. Stat. 1921, authorizing extensions of time to make case-made upon notice to adverse party, and a showing that the failure to serve case-made was due to accident or misfortune not to have been reasonably avoided, and further alleges notice of application out of time was given. The record fails to disclose that notice was given, or that adverse party appeared or waived notice, nor does the record contain a copy of the application for additional time, or show that the application, if one was filed, was based upon unavoidable accident or misfortune. Furthermore, the court's order granting the additional extension does not recite that adverse party was present, nor find that appellant had suffered delay from accident or misfortune, but merely states that for good cause shown the extension of time was granted. Plaintiff in error has not suggested he be permitted to withdraw case-made for amendment or correction.

In Colbert v. Higganbotham, 57 Okla. 69, 155 Pac. 1084, this court said:

"To authorize the making of an order to extend the time for serving a case-made, under section 5246, Rev. Laws 1910 (sec. 789, Comp. Stat. 1921), after the time allowed by law, or a former order extending the time, has expired, notice must be given the opposite party of the application for such order, and a showing made to the court or judge that the failure to serve the case-made within the time previously allowed, and then expired, was because of 'accident or misfortune which could not reasonably have been avoided.'"

It seems that the motion should be sustained.

The appeal is dismissed.

All the Justices concur.