**ROBERTS v. SIMS et al.**

No. 14846—Opinion Filed Oct. 21, 1924.

On Rehearing June 23, 1925.

**1. New Trial—Time for Motion.**

A motion for a new trial for errors of law occurring at the trial, filed more than three days after the verdict was rendered, is a nullity unless it is made to appear that its filing within three days was unavoidably prevented.

**2. Same—"Unavoidable Delay" — Delivery by Mail.**

Where the moving party deposits a motion for new trial in the post office for delivery by registered mail, and the motion is not received by the court clerk until the fourth day after the verdict was rendered, he cannot avail himself of the plea of unavoidable delay.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Rogers County; A. C. Brewster, Judge.

Action by Opal Sims and J. H. Sims against Mike Roberts. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. J. Raymond and Geo. B. Schwabe, for plaintiff in error.

Jennings, Hall & Battenfield, for defendants in error.

Opinion by RAY, C. The errors assigned are not preserved in the record by motion for new trial. The motion for new trial was filed the fourth day after the verdict was rendered. Section 574, Comp. Stat. 1921, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three

days after the verdict or decision was rendered, unless unavoidably prevented."

The motion for new trial was not for newly discovered evidence, but it is contended that defendant was unavoidably prevented from filing it within three days after the verdict was rendered. The verdict was returned April 20, 1923. The motion for new trial was filed April 24, 1923. At the time the motion for new trial came on to be heard the parties entered into the following stipulation:

"It is stipulated and agreed by the plaintiffs and defendant, that a motion for new trial by the defendant in this case was prepared on Saturday, the 21st day of April, A. D. 1923, in the offices of counsel for the defendant at Nowata, Okla., and by counsel for the defendant deposited in the United States mails, by registered mail, in the post office in Nowata, Okla., on Saturday the 21st day of April, 1923, addressed to A. V. Robinson, court clerk, at Claremore, Okla., and that said motion for new trial was properly enclosed in an envelope so addressed, with first class postage fully prepaid thereon, and was received at the post office in Claremore, Okla., on a subsequent date, but that the court clerk to whom the said motion was so addressed, was not notified that said registered mail was at the post office for him until on Tuesday, the 24th day of April, 1923. That the defendant endeavored in this manner and by these means to get his motion for new trial on file within the three days provided by the statute."

Upon this statement of facts the trial court held that the defendant was unavoidably prevented from filing the motion within three days after the verdict was returned. We cannot agree with that conclusion. When the defendant deposited the motion for new trial in the U. S. mail he thereby selected the postal department as his agency for delivery. In sending it by registered mail he designated the particular method for its delivery. No showing was made that it could not in some other way have been delivered within the three days fixed by the

statute. This court has held that the provision of the statute requiring the motion for new trial to be filed in three days after the verdict is returned is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in the statute, this court cannot consider it or review the errors occurring at the trial. Roberts et al. v. Seals, 43 Okla. 467, 143 Pac. 199; Western Coal & Mining Co. v. Tulloss. 43 Okla. 298, 142 Pac. 1035; Farmers Grain & Supply Co. v. Isaac, 60 Okla. 26, 158 Pac. 562.

The record being certified as a transcript brings here for consideration the ruling of the court upon defendant's demurrer to plaintiff's petition if that question is preserved in the record. The demurrer was overruled December 9, 1921. The petition in error was filed in this court November 1, 1923. No motion for new trial was filed in the time required by the statute. The motion for new trial, which was filed out of time, did not include the court's ruling upon the demurrer to the petition as one of the grounds for a new trial.

In the syllabus in the case of Aultman & Taylor Machinery Co. v. Fuss, 86 Okla. 168, 207 Pac. 308, it is said:

"When a defendant desires to present to this court as error the overruling of a demurrer to the petition, it may be presented by two methods: First, saving the proper exception, and having the appeal lodged in this court within six months from the date of the order; second, by saving the proper exception and incorporating in the motion for new trial the error of the trial court in overruling the demurrer, and perfecting his appeal to this court within six months from the date of overruling the motion for new trial."

We think the error assigned upon the ruling of the court on the demurrer to the petition has been waived, and is not before us for consideration.

The judgment should be affirmed. Defendant in error, in his brief, has asked for judgment against the sureties on the supersedeas bond. Judgment will therefore be entered against Lee Settle and H. Fried, sureties on the supersedeas bond, in the sum of $2,500, with interest thereon at the rate of six per cent. per annum from the 20th day of April, 1923, and for costs, as per journal entry.

By the Court: It is so ordered.

## On Rehearing.

PER CURIAM. The matters complained of in the petition in error are matters which arose during the trial of the case, and a motion for new trial is necessary to a consideration of these alleged errors in this court. The verdict and judgment in this case were entered April 20, 1923, and the motion for new trial was thereafter filed April 24th. The motion for new trial was considered and acted upon by the trial court May 3, 1923. It is provided by Comp. Stat. 1921, sec. 3072, that the terms of district court in Rogers county shall begin on the first Monday in May and December, respectively. It thus appears that this motion for new trial was filed during the December, 1922, term of said court, and that it was considered and acted upon by the court during the May, 1923, term thereof. It has been held by this court that after a final decree or judgment has been rendered, and the term expires, there must be substantial compliance with the terms of the statute relating to motions for new trial in order to give the court further jurisdiction to consider the same. McAdams v. Latham, 21 Okla. 511, 96 Pac. 584; Reily v. Robertson, 29 Okla. 161, 115 Pac. 877; Gardner et al. v. Blanton et al., 80 Okla. 143, 194 Pac. 1084.

It is conceded that the motion for new trial was not filed in conformity with the provisions of Comp. Stat. 1921, sec. 574, but that same was filed four days after the entry of the verdict and judgment. Upon the hearing of the motion for new trial a stipulation was entered into between the parties, which is copied in full in the former opinion by Commissioner Ray. As was said by Justice Kane in Hasting et al. v. Donnell. 38 Okla. 341, 132 Pac. 1085, where a similar excuse presenting even stronger extenuation was offered:

"Such a showing might have been addressed to the discretion of the court below, who probably could have granted relief under the 7th subdivision of section 6094, Compiled Laws 1909 (Comp. Stat. 1921, sec. 810), but in our judgment it is not sufficient to excuse (non) compliance with section 5827, supra (sec. 574 supra)."

For the reason herein stated and upon the authorities herein cited and quoted from, the opinion of Commissioner Ray, in which he holds that the motion for new trial in this case was ineffectual for any purpose, and, therefore, that the case-made containing said motion presents nothing which this court is authorized to review, and affirming the judgment of the lower court for

those reasons, is correct, and should be adhered to as the opinion of this court.

After concluding his opinion, Commissioner Ray entered judgment on the supersedeas bond pursuant to motion contained in the brief of defendant in error, and under the authority of Rule 11 of this court. In entering this judgment on the supersedeas bond, Commissioner Ray inadvertently entered judgment for the face of the bond, which is double the amount of the judgment. This should, of course, be corrected so that the judgment entered here will be for the sum of $1,250 instead of $2,500 with interest thereon at the rate of 6 per cent, per annum from April 20, 1923, against Lee Settle and H. Fried, sureties.

By the Court: It is so ordered.