### In re ESTATE OF STOUT.

No. 16071—Opinion Filed Dec. 8, 1925.

1. **Appeal and Error—Case-Made—Extension of Time—Invalidity of Order.**

An order of the trial court reciting "appellant given 30 days extension of time in which to perfect appeal" is a nullity, in

that the time for perfecting an appeal to this court is fixed by section 798, C. O. S. 1921, and such order does not have the effect of extending the time within which to make and serve a case-made.

## 2. Same—Extension After Expiration of Time—Procedure.

To authorize the making of an order extending the time for serving a case-made under section 789, C. O. S. 1921, after the time allowed by law or a former order extending the time has expired, notice must be given the adverse party of the application for such order, and a showing made to the court or judge that the failure to serve the case-made within the time previously allowed and then expired was because of "accident or misfortune which could not reasonably have been avoided."

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Nowata County; C. H. Baskin, Judge.

From a judgment of the district court vacating an order of the county court appointing R. N. Garritson administrator of the estate of John W. Stout, deceased, Mrs. Arbie Stout and R. N. Garritson appeal. Dismissed.

R. M. Godfrey and W. H. Kornegay, for Arbie Stout.

John F. Pendleton, for R. N. Garritson.

Sams & Raymond and C. Caldwell, for defendants in error.

Opinion by RUTH, C. A petition was filed by Arbie Stout setting up the death of John W. Stout, and claiming petitioner is the surviving wife, and praying that R. N. Garritson be appointed administrator of the estate of John W. Stout, deceased. Objection to the appointment of R. N. Garritson was filed by Abram Stout, Edward Stout and Frank Stout, alleging both their parents are dead; that they are nephews of John W. Stout; that John W. Stout was declared an incompetent in 1922; that R. N. Garritson was guardian of John W. Stout, and has never filed his final account of his guardianship, and is not a proper person to administer the estate, and further allege Arbie Stout was not the wife of and is not the widow of John W. Stout.

From an order appointing Garritson administrator, the protestants appealed to the district court, which court vacated the order of the county court, and remanded the cause to the county court for further proceedings. Motion for a new trial was duly filed and overruled on July 7, 1924, and

protestants gave due notice of appeal to the Supreme Court. Time for making and serving case-made was extended by the court for a period of 60 days, and on September 2, 1924, upon application, the time was further extended 30 days. On October 2, 1924, the record contains the following:

"Appellant given 30 days from expiration of time already given to make and serve case-made."

No objection was made to the fact that the record did not show any further application for such a continuance, and assuming the order was properly made, this would have extended the time for serving the case-made until November 3, 1924. The record contains the following entry as of November 1, 1924: "Appellant given 30 days extension of time in which to perfect appeal." If this should be considered as an order extending the time to make and serve a case-made, the time for serving same would expire December 1, 1924. On November 29, 1924, the record recites that the time for making and serving case-made will expire December 1, 1924, and that the time will be insufficient and that:

"A further and additional extension of 21 days from the 1st day of December, 1924, be granted to the said petitioner within which to make and serve a case-made on appeal to the Supreme Court of the State of Oklahoma, ten days to suggest amendments and five days to settle."

On December 20, 1924, upon application of the petitioner, a further extension of one day from December 22, 1924, was granted to make and serve case-made, and the case-made was served on December 22, 1924. Defendants move to dismiss the appeal for that the case-made was not served within the time fixed by the court for serving the same, to wit, November 3, 1924.

Section 785, C. O. S. 1921, provides that the case so made, or a copy thereof, shall, within 15 days after the judgment or order so rendered, be served upon the opposite party or his attorney, etc.

Section 787, C. O. S. 1921, provides the court or judge may upon good cause shown extend the time for making a case, and the time in which the case may be served, etc.

Section 789, C. O. S. 1921, provides:

"The court in which any case has been tried and finally determined may, from time to time, make orders, extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the

period in which proceedings in error may be filed in the appellate court, and in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous orders, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

The order of November 1, 1924, makes no reference to the making and serving of the case-made, but relates only to the time within which the appellant may "perfect appeal." •

Section 798, C. O. S. 1921, provides that all proceedings for reversing, vacating, or modifying judgments, or final orders, shall be commenced within six months from the rendition of the judgment or final order complained of, etc. The statute definitely fixes the time within which an appeal may be perfected by filing a case-made and petition in error in this court, and this time cannot be extended beyond the statutory period, nor can it be circumscribed to a lesser period by an order of the court; hence, the order of the court giving 30 days' extension of time in which to "perfect appeal" is a mere nullity, and by no construction can the order made on November 1, 1924, be held to be an extension of time within which to make and serve a case-made.

In Black v. Buchanan, 74 Okla. 319, 186 Pac. 938, this court said:

"An order of the trial court reciting 'that 40 days' additional time be granted the protestant for the filing of said case-made, making in all 130 days from the 29th day of June, 1917,' is a nullity, in that the time for filing a case-made is governed by statute, and such order does not have the effect of extending the time within which to make and serve a case-made."

Plaintiffs in error contend that the words "perfect the appeal" should be construed as meaning "make and serve," and that Ball v. Freeman, 48 Okla. 298, 149 Pac. 1158, is controlling in the instant case, but an examination of the case relied upon discloses it is not in point.

An examination of the original record in the cited case discloses the court made an order extending the time to make and serve a case-made "30 days from the 8th day of September, 1912." The time given by the first order extending time expired September 6, 1912, but as the second order extending time was made on the 5th day of September, 1912, this court held that as the time had not expired on September 5, 1912, and the court had jurisdiction to extend the time, and it was the court's intention to do so, that it was the duty of this court to so construe the language as to give effect to the intention of the court in extending the time, and thereby give the plaintiffs in error the benefit of the extension. No such intention is apparent in the order under review. The omission to have a proper order extending the time to make and serve a case-made, was not supplied by the order of November 29, 1924, wherein the order extending time was attempted to be fixed as of December 22, 1924.

Under section 789, supra, the court might have extended the time, after the expiration of the time therefore fixed as of November 3rd, but this could only be done upon proper application to the court and notice to the adverse party, and a showing of the statutory grounds. There is no contention that any notice was given of any application for an extension of time, as attempted to have been granted as of November 29, and, in fact, plaintiffs in error contend no notice was necessary, but of course they are acting upon the assumption that the order of November 1 was a valid order extending the time for making and serving a case, but under the opinion herein expressed, a notice after November 3rd was necessary, and an extension of time could only be granted by a compliance with the statute and upon the grounds therein stated.

In Wylie v. Shutler, 55 Okla. 377, 155 Pac. 513, this court said:

"To authorize the making of an order extending the time for serving a case-made under section 5246, Rev. L. 1910 (C. O. St. 1921, sec. 789), after the time allowed by law, or a former order extending the time has expired, notice must be given the opposite party of the application for such order, and a showing made to the court or judge that the failure to serve the case-made within the time previously allowed, and then expired, was because of 'accident or misfortune which could not reasonably have been avoided'." See, also, Cherry v. Brown, 79 Okla. 215, 192 Pac. 227; Colbert v. Higginbotham, 57 Okla. 69, 155 Pac. 1084; Nonnamaker v. Lively, 96 Okla. 149, 220 Pac. 926.

While this court is reluctant to dismiss appeals upon mere technicalities where an injustice may be done, nevertheless, statutes prescribing procedure, when plain and unambiguous, and construed and interpreted

by this court, must be observed and followed. In the instant case, the order of the county court appointing R. M. Garritson administrator was vacated, and the cause remanded, and the county court has power to appoint some fit and suitable person as administrator of the estate of John W. Stout, deceased, which administrator must proceed under the directions and subject to the supervision and orders of the county court.

For the errors herein pointed out, the appeal should be and is hereby dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1069, § 1077. (2) 3 C. J. p. 1073, § 1081; 4 C. J. p. 351, § 1994. See under (1, 2) 2 R. C. L. p. 159; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75.