## CITY OF ADA v. CHAMBLESS et al.

No. 27580.    April 26, 1938.

Rehearing Denied June 7, 1938.

Mack M. Braly, for plaintiff in error.

J. F. McKeel, for defendants in error.

HURST, J. This is an action to recover certain alleged illegal sewer assessments. Judgment was rendered for the plaintiffs, and defendant appeals. The plaintiffs filed a cross-petition in error seeking the reversal of an order extending the time to make and serve a case-made entered after the time had expired which had been previously granted to make and serve the same. This is the proper method of testing the correctness of such an order. See Bruner v. Eaton (1926) 121 Okla. 209. 249 P. 734.

The record discloses that on June 26, 1936, the court, on application therefor by defendant's counsel, entered an order extending the time to make and serve a case-made 60 days from June 26, 1936. The case-made was not prepared or served at the expiration of this time. In September, 1936, defendant filed an application for an order extending the time to make and serve case-made on the ground of accident and misfortune, wherein it was stated that "the case-made was not completed and served within the period granted by the second extension of time within which to make and serve the case-made for the reason that no journal entry of judgment was ever filed in the case and that the entering of such journal entry of judgment was necessary

for the completion of the case-made by the reporters and that the failure to have such journal entry of judgment filed was due to accident and misfortune which could not reasonably be avoided by this applicant; and that an extension of time to make and serve case-made was not obtained on or before the 26th day of August, 1936, because of accident and misfortune which could not reasonably have been avoided by this applicant in that the reporters who were preparing the case-made completed the case-made with the exception of the journal entry of judgment on or about the 20th day of July, 1936, and by agreement the reporters were to complete and deliver the case-made in the time allowed by the court, or if the reporters were unable to do so to make application for and get the necessary extension of time in the event the journal entry of judgment was not filed before the expiration of time allowed for serving case-made, and that the appellant relied upon the reporter's agreement to make the necessary application and to secure the necessary extension of time in which to complete the case-made, but the reporter failed to make application for and to secure the necessary extension of time because she miscalculated the expiration date and that the time to make and serve the case-made which had been previously fixed by the court had expired".

The plaintiffs filed a response to the motion objecting to the requested order of extension which is in part as follows: "and the plaintiffs deny that the defendant had any right to rely upon the court reporter or to shift its responsibility to the court reporter and says that it was the duty of the defendant to look after its own extension of time within which to prepare and serve case-made and says that if the court reporter was so relied upon by the defendant to make application for extension of time within which to make and serve case-made, that same was the negligence of the defendant; that the negligence of the agency selected by the defendant to take care of its business should be properly imputed to the defendant and not the plaintiffs."

The only witness testifying at the hearing on the motion was the former court reporter, and she testified in part as follows:

"Q. You completed the case-made with the exception of the journal entry about the middle of July, 1936? A. Yes, sir. Q. Will you state to the court why you never completed or delivered that case-made? A. Because the journal entry had not been filed. Q. Did you call the fact to my attention, as city attorney, and attorney for the defendant, that the journal entry of judgment had not been filed? A. Yes, I did. Q. Will you state what was said at that time in regard to the journal entry of judgment and about completing the case-made? A. I told you I had the case-made completed all but the journal entry, and you said you would see Judge McKeel about it, and that if journal entry wasn't filed before the extension period was up for me to let you know and I told you I would take care of it myself. Q. You told me that you would let me know if the journal entry was not filed before the expiration of the time granted within which to make and serve case-made? A. Yes, sir. Q. And what did you say you would do in the event the journal entry was not filed before the expiration of the time granted for that purpose? A. I told you I would take care of it. Q. Do you recall the day that the second extension of time would expire on? A. I thought it was the 26th day of September. Q. Do you know what time it did expire? A. On the 26th day of August. Q. Did you inform me that the journal entry had not been filed or that you had not taken care of the extension of the time prior to August 26th? A. No, I didn't. Q. And what was the reason you didn't so inform me? A. I thought I had until the 26th day of September. Q. When did you cease to be court reporter for this court? A. The 1st of January, 1936."

The court sustained the application and made a finding, in part, "that the time for making and serving case-made in the above case and the extensions thereof expired 60 days after the 26th day of June, 1936, and that the defendant failed to make and serve case-made within the time granted by this court; and that the reason for such failure of the defendant to make and serve case-made within the time allowed by this court was due to accident and misfortune which could not reasonably have been avoided by the defendant; and finds further that the defendant exercised diligence and that accident and misfortune which could not reasonably have been avoided has interfered with its right to appeal; and that, therefore, the case should be reinstated and the defendant granted an extension of time within which to make and serve a case-made."

The plaintiffs filed a motion for new trial on said application and in every respect protected the record thereon, and have devoted a substantial portion of their brief to the question. We must, therefore, pass upon the question, and its determination is decisive of the case.

Section 538, O. S. 1931, under the authority of which the court granted the extension of time to make and serve the case-

made, provides that "in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute." The provisions of this statute are plain and are mandatory, and before a party is entitled to the relief authorized he must bring himself within the terms of the statute. Unless the required notice is given to the adverse party, the court is without jurisdiction to enter the order. Wylie v. Shutler (1916) 55 Okla. 377, 155 P. 513; Nonnamaker v. Lively (1923) 96 Okla. 149, 220 P. 926; In re Stout's Estate (1925) 117 Okla. 12, 245 P. 868; Maben v. Tulsa Motor Sec. Corp. (1931) 149 Okla. 146, 299 P. 849. Likewise the applicant must show some "accident or misfortune which could not reasonably have been avoided" by him before the court has authority to make the order. Facts bringing the applicant within the terms of the statute must exist and be established at the hearing on the application, and the question of whether the applicant is entitled to relief under the statute depends upon the facts and circumstances of each particular case. While the courts are reluctant to dispose of cases other than upon their merits, yet it is their duty to enforce statutory requirements as to procedure. Otherwise, laxity in procedure is encouraged. The very words of the statute negative any intention to give relief to a litigant who, by reason of his own neglect, has permitted the time for making and serving a case-made to expire without obtaining a further extension of time.

Here we must determine whether the defendant brought itself within the requirements of the statute. To sustain the order, the defendant relies principally upon Coker v. Vierson (1935) 170 Okla. 528, 41 P.2d 95. To defeat the order the plaintiffs rely principally upon Lena v. Clinkenbeard (1935) 173 Okla. 495, 49 P.2d 109.

The Coker Case simply holds that under the "facts disclosed" the appellant was justified in relying upon the promise of the court reporter to procure an extension of time to prepare and serve the case-made if it became necessary. There the trial judge and court reporter were from another judicial district and were assigned specially to hear the matter and intended to return to the district and extend the time, but miscalculated the date and let the time expire without making the extension. It does not appear that the court reporter had even commenced preparation of the case-made, while here the court reporter had done all she could then do to complete the case-made and had so advised the defendant's attorney some six weeks before the time expired for making and serving the same. Furthermore, here the trial judge, reporter, and attorneys on both sides resided in the same city. It will, therefore, be seen that the facts in the Coker Case and in the instant case are quite different. The Coker Case is like this only in that the appellant depended upon the promise of the reporter to protect the record. That case is not authority for the proposition that in all cases the appellant can shift to the reporter the responsibility of protecting the record by getting timely extensions. Nor are the facts in the two cases relied upon in the Coker Case applicable here.

The case of Lena v. Clinkenbeard, supra, holds that it is the duty of the appealing party, and not the court reporter, to secure the necessary extension of time to make and serve the case-made, and any default of the court reporter, in this respect, is not grounds to have the judgment set aside under the provisions of subdivision 9, section 398, O. S. 1931, which provides for the granting of a new trial "when without fault of complaining party it becomes impossible to make case-made". See, also, Whitling v. Parshall (1926) 120 Okla. 121, 252 P. 395, to the same effect. The effect of these decisions is that the appellant cannot rely upon the promise of the court reporter to get such extensions and be "without fault" if the reporter negligently fails to procure the necessary extension of time, and it thereby becomes "impossible to make case-made". These cases are persuasive here.

The statute involved in this case (section 538, O. S. 1931, 12 Okla. St. Ann. sec. 962) is not only analogous to section 398, O. S. 1931, 12 Okla. St. Ann. sec. 651, referred to in the Lena and Whitling Cases, but it is also analogous to section 400, O. S. 1931, 12 Okla. St. Ann. sec. 653, requiring that a motion for new trial except for the cause of newly discovered evidence must be filed by the complaining party during the term and within three days after the verdict or judgment "unless unavoidably prevented". The terms "reasonably have been avoided" in section 538, "without fault of the complaining party" in section 398, and "unless unavoidably prevented" in section 400 are similar terms. Under neither of said statutes is the complaining party entitled to relief if he has been negligent in failing to protect his interest. Section 400, supra, was

construed in Farmers' Grain & Supply Co. v. Isaac (1916) 60 Okla. 26, 158 P. 562; Roberts v. Sims (1924) 111 Okla. 1, 237 P. 852, and Ramsey Oil Co. v. Dunbar (1935) 171 Okla. 124, 42 P.2d 128. In each of these cases it was held that the complaining party was not "unavoidably prevented" from filing his motion for new trial within the three-day period. In neither case is the fact situation stronger against the complaining party than is the fact situation against the defendant in the case at bar. In the case of Farmers' Grain & Supply Co. v. Isaac, supra, it was held that the appellant's attorney could not rely upon the promise of another attorney to file the motion for him within time, and the failure of the other attorney to do so was chargeable to the appellant.

Here the defendant's attorney had the right to prepare the journal entry of judgment and have it signed and filed. It was to the interest of the defendant to do so in order to perfect the appeal. The fact that the prevailing party usually prepares the journal entry did not excuse the defendant's attorney from doing so. Some six weeks before the time was to expire for making and serving the case-made he was advised by the court reporter that the journal entry had not been filed; yet he failed to see that it was filed. He knew that the inclusion of the journal entry in the case-made was all that was holding up the delivery to him of the completed case-made so that he could serve it prior to the expiration of the time allowed in the order of June 26th. Had he done this simple duty, there would have been no occasion for getting a further extension of time to make and serve the case-made. Furthermore, it would have been an easy task for him to have procured a further extension. He was not dependent upon the court reporter in either respect. In fact, it was not the duty of the reporter to either get the journal entry filed or the order of extension, and under the facts of this case the defendant's attorney had no right to rely upon the promise of the reporter, who was no longer the official court reporter. He could not escape the responsibility of protecting his record by shifting it to the court reporter. The negligence of the court reporter in failing to do what the defendant's attorney could just as conveniently have done, and what it was his duty to do, is imputable to, and is the negligence of, the defendant. It follows that under the undisputed evidence, there is no accident or misfortune shown here which could not reasonably have been avoided by the defendant, within the terms of section 538, O. S. 1931. The order is reviewable under section 528, O. S. 1931.

We therefore hold that the trial court erred in granting defendant a further extension of time within which to make and serve case-made. Plaintiffs' cross-appeal is sustained and the order of the trial court granting a further extension of time within which to make and serve case-made is reversed, and the appeal of defendant is dismissed.

RILEY, PHELPS, CORN, and GIBSON, JJ., concur.