

# THE ATTORNEY GENERAL

## OF TEXAS

Austin 11, Texas

WILL WILSON
ATTORNEY GENERAL

April 3, 1962

Superseded by Art. 5.14a
Election Code enacted in
1965

Honorable Alfred H. Flanagan
District Attorney
76th Judicial District
P. O. Box 986
Mt. Pleasant, Texas

Opinion No. WW-1298

Re: Whether a Tax Assessor-
Collector should issue a
voting poll tax receipt to
a person who mailed a proper
application therefor, post-
marked January 31st, but
received by the Tax Assessor-
Collector on February 2nd.

Dear Mr. Flanagan:

In your letter you state:

"A lady mailed a request for a Poll Tax
Receipt from Austin, Texas, on January 31st,
1962, to the Tax Assessor-Collector of Titus
County, Texas, at Mr. Pleasant, Texas. This
written request contained all of the required
information, including the remittance, but was
not received in the office of said Tax Assessor-
Collector until February 2, 1962, but the enve-
lope containing the application bore the post
mark of January 31, 1962. The Tax Assessor-
Collector refused to issue a voting poll tax
receipt because said application was not
received in his office by January 31, 1962."

Art. 5.09, Texas Election Code, provides in part as
follows:

"A poll tax shall be collected from every
person between the ages of twenty-one (21) and
sixty (60) years who resided in this state on
the first day of January preceding its levy ...
It shall be paid at any time between the first
day of October and the first day of February
following; ..."

Art. 5.11, Texas Election Code, provides in part as
follows:

" ... A taxpayer may pay his poll tax by
a remittance of the amount of the tax through
the United States mail to the County Tax
Collector, accompanying said remittance with
a statement in writing showing all the information

necessary to enable the Tax Collector to fill
out the blank form of the poll tax receipt, ..."

Sec. 2 of Art. 6, Texas Constitution, reads in part as
follows:

" ... any voter who is subject to pay a
poll tax under the laws of the State of Texas
shall have paid said tax before offering to
vote at any election in this State and hold a
receipt showing that said poll tax was paid
before the first day on February next preceding
such election ..."

In Davis v. Riley, 154 SW 314 (Civ. App. 1913), Riley and
70 others had delivered $1.75 each to one Holloway, and at the
same time had signed a statement authorizing one Crim to deliver
the money to the tax collector, Davis, in payment for their poll
taxes.  Holloway forwarded the money by mail on January 30, 1912,
to Crim, who in turn delivered it to the tax collector on the 1st
and 2nd days of February, 1912.  The Court stated at pages 316
and 317:

" ... The law further provides that all poll
taxes shall be paid on or before the 1st day of
February of each year, and makes it a penal
offense for the collector to receive poll taxes
and antedate the receipts therefor after said time.

"The Plaintiffs, under the circumstances, con-
stituted Holloway and Crim their agents to receive
and deliver said money and orders to the collector,
and must abide by their failure to deliver the same
within due time.  While the collector could have
received the money and orders when tendered to him at
his office, and issued the receipts and certificates
as of date when in fact received by him, still he was
not justified in receiving and antedating such receipts
and certificates; ... If the plaintiffs were disquali-
fied  as voters for said year by reason of their
failure to pay the poll taxes and procure the exemption
certificates within due time, it was chargeable to the
fault and neglect of their own agents ..."

Attorney General's Opinion No. R-2836 (1952) to County
Attorney George M. Kelton of Ector County, held likewise, and
cited Davis v. Riley.  We find no Texas cases covering the
situation under consideration, where the taxpayer mails his
remittance and application directly to the tax collector  which
is postmarked on January 31st, but not received through  the
mail by the tax collector until some time in February.  While
Art. 5.11, Texas Election Code, permits payment of the tax by

mail, nothing is said about accepting a tax as being paid on time where it is postmarked in time, but delivered by mail after the deadline. Art. 13.12, Texas Election Code, on the subject of filing application to have one's name on the primary ballot as a candidate, specifically makes provision for meeting the filing deadline by mailing by registered mail within the time for filing. Prior to this provision the Supreme Court of Texas, in the case of Burroughs v. Lyles, 142 Tex. 704, 181 SW2d 570, (1944), had held that the prior law on filing (Art. 3112, V.C.S.) did not authorize a filing by mail, where postmarked within the time allowed by law, but received by the county chairman through the mail after the filing deadline.

It is our opinion that the poll tax is not paid until the remittance is in the hands of the tax assessor-collector or his authorized deputy, and any other holding would be contrary to Sec. 2, Art. 6, Texas Constitution. The United States mail is not a deputy tax collector. In Webb v. Champion Coated Paper Co., 31 N.E.2d 96 (Ohio Ct. App., 1940), the appellant had mailed to the clerk of the court by registered mail, a motion for new trial in time to reach its destination in three days, which would have met the deadline for filing the motion. For some reason the letter containing the motion was not delivered until the fourth day, or one day too late. The Court said at page 97:

> "While, undoubtedly, the appellant was justified in having a firm expectation that the mail would be forwarded in the usual manner, nevertheless, it chose the postal department as its agent and must be charged with its failure to meet its expectations to the same extent that it would be charged with the failure of any other agent selected by it. The failure of the Post Office Department was the appellant's failure. ..."

In Roberts v. Sims, 111 Okla. 1, 237 P. 852, the Court stated at page 853:

> "When the defendant deposited the motion for new trial in the United States mail, he thereby selected the postal department as his agency for delivery. ..."

We also direct your attention to Art. 5.12 of the Election Code which specifically provides that all poll tax receipts "issued for any year after January 31st shall be stamped on the face thereof: 'Holder not entitled to vote' and the names of the holders of such poll tax receipts shall not be included in the list of qualified voters."

It is therefore our opinion that the Tax Assessor-Collector rightly refused to issue a voting poll tax receipt to the taxpayer whose remittance and application was received by such Tax Assessor-Collector through the United States mail after the 31st day of January.

## S U M M A R Y

A County Tax Assessor-Collector may not issue a voting poll tax receipt to a taxpayer whose remittance and application sent to the Tax Assessor-Collector by United States mail, was received by such Tax Assessor-Collector after the 31st day of January.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: Riley Eugene Fletcher
Assistant

REF:bjh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

John Reeves
Arthur Sandlin
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.